*Isaac S. Peebles Jr., H. A. Woodward, C. H. & R. S. Cohen,* contra.

---

### 6132.   GALLAGHER *v.* GUNN.

BROYLES, J. 1. When the plaintiff's evidence showed that the defendant was the owner of the automobile that injured him, and that the chauffeur operating the machine at the time of the injury was the defendant's servant, the presumption arose that the servant was engaged in the master's business and within the scope of his employment; and the burden was then upon the defendant to show that the machine was not his, or that the chauffeur was not his servant, or that the servant was not at the time of the injury engaged in the prosecution of the defendant's business. Stewart *v.* Baruch, 103 N. Y. App. Div. 577 (93 N. Y. Supp. 161); Long *v.* Nute, 123 Mo. App. 204, 209, 210 (100 S. W. 511); Moon *v.* Matthews, 227 Pa. 488 (76 Atl. 219, 29 L. R. A. (N. S.) 856, 136 Am. St. R.. 902); *Fielder* v. *Davison,* 139 *Ga.* 509 (77 S. E. 618).

2. While certain immaterial averments of the petition were not proved by the plaintiff's evidence, a prima facie case was made out, and the court erred in awarding a nonsuit.         *Judgment reversed.*

DECIDED JULY 29, 1915.

Action for damages; from city court of Macon—Judge Hodges. October 21, 1914.

*R. L. Berner,* for plaintiff.    *W. D. McNeil,* for defendant.