### 12706.  HARLEY HARDWARE COMPANY *v.* HARRY S. LAFOND COMPANY.

JENKINS, P. J.  1. Under the exceptions to the striking and disallowance of certain portions of defendant's answer, the court did not err in striking paragraph 9. In an action for damages for the difference between the contract price and the market price at the time and place for delivery, on account of a breach by the seller of a contract to deliver lumber, where actual delivery was agreed and contemplated, allegations that the plaintiff was not damaged because it had no use for the lumber present no valid defense.

2. The court did not err in striking the 10th paragraph of the answer, which alleged that, " if said contract was made, after the same was canceled and after the plaintiff had notice that the same would not be complied with and that said lumber would not be shipped or delivered in pursuance of the terms of said alleged contract, and after its breach, if it was breached, the plaintiff could have avoided the consequences of such failure or breach to itself by purchasing other lumber at the same price from any mill or dealer, and could have avoided any damages to itself by the purchase of other lumber, as aforesaid." The vendor, as alleged in the petition, having canceled and repudiated its contract before the agreed time for performance, the vendee was "at liberty either to immediately treat such renunciation as a breach of the contract, and sue for damages sustained therefrom or to treat the contract as still binding, and wait until the time arrived for performance, in order to give the party who had repudiated the contract an opportunity to comply with its terms." *Crosby* v. *Ga. Realty Co.*, 138 *Ga.* 746 (1) (76 S. E. 38); *Ford* v. *Lawson*, 133 *Ga.* 238 (5) (65 S. E. 444). The vendee having elected the latter course, it was not required to abate its statutory measure of damages by anticipating the vendor's failure to perform, and to make forward contracts for the purpose of lessening its damages. *Phosphate Mining Co.* v. *Atlanta Oil Co.*, 20 *Ga. App.* 660 (1, 2, 7) 93 S. E. 532). For

the same reason, the court did not err in disallowing paragraph 14 of the amended answer.

3. Paragraphs 13 and 15 of the amended answer were properly disal-lowed. They in effect sought to set up that the world war had so "unsettled and disorganized" the "business and commercial interests of this country" that the defendant could not fill its alleged orders, and that by reason of such war there was "no real known or market value" for lumber, "purchasers giving what they could get it at, and the mills and brokers selling for such prices as they could get for any particular class of lumber."

4. "If no place be designated by the contract, the general rule is that the articles sold are to be delivered at the place where they are at the time of the sale." *Baxley Tie Co.* v. *Simpson*, 1 *Ga. App.* 670 (1) (57 S. E. 1090). The order in question for the lumber states, "2 % for cash—account B/L," and the petition alleges that under the general custom of the trade "such terms mean that defendant was to draw on petitioner a sight draft for the full amount of the invoice, fixed according to said contract, on each car of lumber less two per cent., bill of lading covering such shipment to be attached to the sight draft, and that the lumber was to be delivered f. o. b. cars at Valdosta, Georgia." The petition further alleges that Valdosta was the place of delivery as the point of manufacture and sale. These allegations were supported by evidence. The defendant was not relieved from its obligation by the failure of the order to designate more specifically the place of delivery. Nor was there any alteration in the terms of the contract which would nullify its operation, as claimed in the 16th and 17th paragraphs of defendant's disallowed amendment, by reason of the fact that after the order plaintiff sent to the defendant a tele-gram to "consign all goods" to plaintiff in care of another company at New York City, such message being no more than a suggestion or more specific direction for the routing of consignments under the bills of lading after the deliveries of the lumber f. o. b. cars at Val-dosta.

5. The court charged the jury: "If the agent exceeds this authority, the principal cannot ratify in part; he must adopt the whole or none." The 6th ground of the amended motion for new trial complains of this instruction, "because there was no question of ratification in-volved in the case on trial, either ratification in whole or in part; and the charge was irrelevant to any issue in the case, and would necessa-rily confuse and mislead the jury, and cause them to consider issues not involved." There was in evidence a letter which the defendant in its answer alleged it had mailed to plaintiff "within three or four days" after the execution of the alleged contract by the alleged agent of defendant, and which said, "Please cancel our acceptance of orders tendered us by your Mr. Gregory to-day. . . Kindly acknowledge re-ceipt of this letter, and be sure to cancel the acceptance for the order." The jury were authorized to infer from this letter that, even if the alleged agent had not originally had proper authority to execute for the defendant the contract, there was a subsequent "acceptance" or ratification by the defendant of his act; and upon this theory the

charge was not inapplicable to the evidence and issues. But even had the sole issue been one of the alleged agent's authority at the time of the execution of the order, "the jury could not have been misled by such instructions to the injury of the complaining party." *Heard* v. *Tappan*, 121 *Ga.* 437 (2) (49 S. E. 292); *Eagle & Phenix Mills* v. *Herron*, 119 *Ga.* 389 (3) (46 S. E. 305). The 8th, 9th, 10th, and 11th grounds of the motion, excepting to the instructions given relative to the apparent or implied authority of defendant's alleged agent and the extent thereof, as not being adjusted to the evidence, likewise are without merit.

6. The court charged the jury to the effect that, if they should find that the paper constituting the basis of the suit was not a complete contract, but that under the custom of the trade it was to become one only upon acceptance by plaintiff's home office, and that if they should find that the defendant prior to such acceptance had canceled its order, then and under such circumstances it would not be liable. The defendant urges that this charge unduly restricted its ground of defense, in that, "even though the paper, the basis of the suit, were a good and binding contract as made, still, if under the custom of the trade the defendant had a right to cancel and did cancel, it would not be bound." *Held*: The charge as given gave to the defendant the benefit of its contention as set forth by its plea, and went as far as the rule of law could properly permit.

7. The 16th and 22d grounds, to the effect that the court erred in failing to charge that the place of delivery must be taken as the City of New York, and that the market price of the lumber in New York should be shown in order to entitle the plaintiff to recover, are controlled by the ruling in the 4th paragraph above. In the instant case, unlike the facts in *Erwin* v. *Harris*, 87 *Ga.* 333 (2) (13 S. E. 513), it does not appear that under the contract the seller was to take bills of lading "to his own order," in attaching drafts drawn on the buyer, and thus reserve title in the seller until such payment and delivery at the purchaser's place of residence. There being positive evidence by the plaintiff that, under the custom of the trade, the place of delivery was Valdosta, neither an instruction nor a finding was demanded that New York must be taken as the place of delivery, and there was no error in failing so to charge, even though, under the defendant's construction of the language, "account B/L attached," in the order, it might have been a jury question as to which point was the place of delivery. See 4 R. C. L., sec. 36, p. 34. Nor was the defendant injured, even upon its theory and contention that New York was the place of destination and delivery, and that the market value there alone must have been shown, inasmuch "as goods are presumed to be worth as much or more at the place of destination than at the point of shipment, till that presumption is rebutted by proof." *Rome R. Co.* v. *Sloan*, 39 *Ga.* 637 (4); *Payne* v. *Cheshire*, 27 *Ga. App.* 324 (107 S. E. 557).

8. The original order, though treated as a complete contract, was not rendered invalid on the theory of a material alteration, merely because the home office of the plaintiff may have indorsed its acceptance and approval on the back thereof.

9. The alleged omissions of the court to charge certain rules and principles, as set forth in the 17th, 18th, 20th, and 21st paragraphs, show no error prejudicial to the defendant. The charge as a whole fully and fairly covered the issues and contentions of the parties; and if fuller instructions upon the points complained of were desired, timely written requests should have been made therefor. The remaining assignments, although insisted on, are not argued in the brief, and upon consideration are held to be without merit. The verdict for the plaintiff is supported by evidence, and this court feels unauthorized to set it aside on any of the grounds set forth.

> *Judgment affirmed. Stephens and Hill, JJ., concur.*
> .DECIDED MAY 23, 1922.

Action on contract; from city court of Valdosta — Judge Crawley presiding. June 14, 1921.

*A. T. Underwood, O. M. Smith,* for plaintiff in error.

*Franklin & Langdale,* contra.