19104.  PERRY *v.* LOTT.

Decided November 14, 1928.

*G. A. Johns,* for plaintiff in error.  *Joseph D. Quillian,* contra.

Bloodworth, J.  (After stating the foregoing facts.)  We will discuss only the question dealt with in the second headnote.  The undisputed evidence shows that the Packard car belonged to the defendant; that the driver was his servant; that the servant took the car away from home by direction of the master; that at the time of the accident he was driving at the rate of 40 miles an hour, at the intersection of two streets, in a city; and that, without giving any warning, he struck the Ford car of the plaintiff and practically demolished it.  In *Fielder* v. *Davison,* 139 *Ga.* 511 (77 S. E. 618), it is said:  "If the owner of an automobile is sued for damages on account of an injury caused by it while driven by his chauffeur, the rules of law touching master and servant and the liability of the former for the act of the latter are to be applied." This court held in *Rape* v. *Barker,* 25 *Ga. App.* 362 (1) (103 S. E. 171), that "whether or not the owner of an automobile is liable for damage caused by it which results from the negligence of the person operating it depends upon whether the person driving it was the agent or servant of the owner and engaged upon the business of the owner at the time the negligence occurred.  If he was such agent or servant and engaged upon such business, the owner is

responsible for injuries to persons or property caused by his negligence in operating the automobile." See the 2d headnote in this case which is copied from *Gallagher* v. *Gunn*, 16 *Ga. App.* 600 (1) (85 S. E. 930). In *Fielder* v. *Davison*, supra, quoting from Long v. Nute, 123 Mo. App. 204, 209-210 (100 S. W. 511), it was said: "Where a servant, who is employed for the special purpose of operating an automobile for the master, is found operating it in the usual manner such machines are operated, the presumption naturally arises that he is running the machine in the master's service. If he is not so running it, this fact is peculiarly within the knowledge of the master, and the burden is on him to overthrow this presumption by evidence which the law presumes he is in possession of. *It would be a hard rule, in such circumstances, to require the party complaining of the tortious acts of the servant to show by positive proof that the servant was serving the master and not himself.*" (Italics ours.) In Stewart v. Baruch, 103 N. Y. App. Div. 577 (93 N. Y. Supp. 161), it is said: "In an action brought to recover damages for personal injuries sustained by the plaintiff in consequence of his being struck by an automobile while crossing a city street, the fact that the defendant was the owner of the automobile and that the chauffeur in charge thereof was in his employ, is sufficient to establish prima facie that the chauffeur was acting within the scope of his employment at the time." In the case at bar the evidence for the plaintiff made a prima facie case. The defendant sought to overcome by his evidence this presumption. He testified that on the day of the collision he directed the servant to take his car to the filling station, have the oil drained out and refilled, and take it back home; that the filling station was about three blocks from his home; that the place where the collision occurred was four or five blocks from the filling station; that he had no business where the collision occured; and that he did not direct the driver to go there. There is no evidence as to what route was pursued by the driver; whether this was a slight or a gross deviation from the direct route to and from the residence of the defendant and the filling station. If the deviation was slight, the master would still be liable. See *Limerick* v. *Roberts*, 32 *Ga. App.* 755 (1-b) (124 S. E. 806), and cases cited. Moreover, the evidence does not show that the driver "was engaged in any work or enterprise independent of the business of the mas-

ter." *Brown* v. *Meikleham*, 34 *Ga. App.* 207 (128 S. E. 918). However, whether or not the defendant successfully overcame the presumption against him was a question for the jury, and their verdict shows that they answered it in favor of the plaintiff. *See Jackson* v. *Service Laundry Co.*, 35 *Ga. App.* 760 (134 S. E. 832).

Judgment affirmed. *Broyles, C. J., and Luke, J., concur.*