### 20619.   HAYGOOD *v.* BELL.

BELL, J.   1. When the plaintiff's evidence showed that the individual who ran against her with a bicycle was employed by the defendant merchant as a delivery boy, that the merchant kept the particular bicycle for the use of this servant in delivering packages to customers, and that at the time the plaintiff was struck this employee was operating the bicycle upon a street in the usual manner, the jury were authorized to infer that the servant was at the time operating the machine within the scope of his employment in the master's service, and the burden of evidence was then shifted to the defendant to show the contrary. *Gallagher* v. *Gunn,* 16 *Ga. App.* 600 (85 S. E. 930); *Yellow Cab Co.* v. *Nelson,* 35 *Ga. App.* 694 (134 S. E. 822).

(a) The evidence introduced by the defendant in rebuttal was not so clear and certain as to demand a contrary inference as a matter of law. *Whiddon* v. *Hall,* 155 *Ga.* 570 (6) (118 S. E. 347); *Continental Trust Co.* v. *Tennille Banking Co.,* 39 *Ga. App.* 163 (2) (146 S. E. 566), and cit. The present case is therefore distinguished from *Eason* v. *Joy Floral Co.,* 34 *Ga. App.* 501 (130 S. E. 352), in which the evidence showed, without dispute, that the injury occurred at a time when the servant was using the vehicle in his own individual pursuit.

2. Evidence that the defendant's servant was "riding the bicycle at a high rate of speed, traveling in the opposite direction of the [plaintiff], and he undertook to turn his wheel to the left into [an intersecting street]; that he turned so rapidly that he ran up to the sidewalk where the [plaintiff] was stepping off of the sidewalk" to cross such intersecting street, and "lost control of the wheel as he undertook to turn," and thus hit the plaintiff, was sufficient to support an allegation of negligence "in failing to have said bicycle under control."

3. The evidence authorized the inference that the negligence of the defendant's servant was the proximate cause of the plaintiff's injury.

4. Though the evidence may have been weak and unsatisfactory, this court can not hold as a matter of law that the verdict for the plaintiff was unsupported, nor therefore that the trial judge abused his discretion in refusing a new trial upon the general grounds, no error of law being complained of.

   *Judgment affirmed.   Jenkins, P. J., and Stephens, J., concur.*

DECIDED JANUARY 15, 1931.   REHEARING DENIED FEBRUARY 28, 1931.

*W. D. Lanier,* for plaintiff in error.
*Hammond & Kennedy, Joe Hill Smith, Ben E. Pierce,* contra.