688

## 21865. SELMAN v. WALLACE.

DECIDED SEPTEMBER 21, 1932. REHEARING DENIED OCTOBER 1, 1932.

*McDaniel, Neely & Marshall, Harry L. Greene,* for plaintiff in error.

*Breen, Finch & Padgett,* contra.

JENKINS, P. J. This was a suit for personal injuries to the plaintiff, a boy of fourteen years, when he was run down by a motorcycle belonging to the defendant and ridden by a negro messenger-boy of the defendant, a druggist. At the time of the accident the plaintiff was preparing to board a street-car at the corner of Euclid Avenue and Washita Avenue, in the City of Atlanta, and it was alleged, and the testimony on behalf of the plaintiff was such as to show, that the defendant's employee drove past the standing street-car, in violation of law, and struck the plaintiff. The principal point at issue on the trial was whether the messenger-boy was acting in the prosecution of and within the scope of the defendant's business at the time of the injury to the plaintiff. On this point the undisputed evidence shows the following: The defendant's drug-store is on Ponce de Leon Avenue, in the City of Atlanta, between Highland Avenue and Moreland Avenue. On the day of the accident and some little time prior thereto the defendant had sent the messenger-boy to an address on Clifton Road, also in the City of Atlanta, to deliver a package. He had no other package to deliver. The address on Clifton Road is almost due east of the defendant's drug-store, and the direct route from the drug-store to Clifton Road would be along Ponce de Leon Avenue to Clifton Road, and thence along Clifton Road to the point of delivery. The place of the accident is almost due south of the drug-store of the defendant, and about a mile off the route that the messenger had to travel in going to and returning from the Clifton Road address. The messenger testified that instead of returning directly to the drug-store from the Clifton Road address, he went in a southerly direction to some place on Auburn Avenue to obtain a pair of pants,

which he expected to wear while riding the motorcycle of the defendant, and while riding another motorcycle owned by himself; that this was not on his route to and from Clifton Road; that he was not then delivering a package for the defendant; and that he was not sent to the place of the accident by the defendant, and the defendant did not know that he was going to such a place; that his sole purpose in so doing was to obtain the pair of pants. There was no evidence to indicate that the defendant was under any obligation to furnish the messenger with pants, or that he had any interest in the pants which the messenger was going for, other than the testimony of the messenger that he expected to wear the pants, which were "legging" pants, while riding the defendant's motorcycle.

It is a well-established principle of law that if a servant steps aside from his master's business, for however short a time, to do an act entirely disconnected from it, and injury results to another from such independent voluntary act, the servant may be liable, but the master is not. *Savannah Electric Co.* v. *Hodges, 6 Ga. App.* 470 (65 S. E. 322). This is in accord with the principle stated by the Civil Code (1910), § 4413, which makes every person liable for torts committed by his servant "by his command or in the prosecution and within the scope of his business," since, in order to render a master liable for the tort of a servant, the servant must be acting both in the prosecution and within the scope of the master's business. *Greeson* v. *Bailey, 167 Ga.* 638 (146 S. E. 490). While it has been held that "if a servant or employee, while engaged in the business of his master, makes a slight deviation for ends of his own, the master remains liable when the act was so closely connected with the master's affairs that, though the servant may derive some benefit from it, it may nevertheless fairly be regarded as within the course of his employment" (*Limerick* v. *Roberts, 32 Ga. App.* 755, 124 S. E. 806), the doctrine thus stated can not fairly have application to facts such as those disclosed by the instant record. The employee in this case was on a mission purely personal to himself, and in which, so far as the evidence discloses, the master had no interest whatever. He had been sent on an errand to a particular place, and, after delivering the package, instead of returning directly to the place of business of his master, departed in a totally different direction on a mission of his own.

The fact that he expected to wear the pants for which he was going while riding the master's motorcycle could not bring the mission he was then on within the scope of his employment or within the prosecution of his master's business. The case is different on its facts from that of *Limerick* v. *Roberts*, supra, which is cited and relied on by counsel for defendant in error. In that case the driver of the truck of the defendant was in charge of the business of the defendant, and on the particular occasion, while on his way to collect an account for the defendant, had gone by his own home to get his coat and hat in order "to be properly attired" to make the business call on behalf of the defendant. There the servant was acting within the scope of his employment and in the prosecution of his master's business, and the fact that he may have derived some personal benefit from his slight deviation from the route he might otherwise have taken did not remove his act from within the course of his employment. There is nothing in the instant case to indicate that the defendant was in any way concerned about the attire of the negro messenger-boy, or at all interested in whether he did or did not get the "legging" pants, or that the defendant's business would be affected one way or the other by his obtaining the pants or failing to obtain them. His act in stepping aside from his employment to do something in which he alone was concerned, and of a purely personal nature, was not a mere "slight deviation" from his employment, but involved a total departure therefrom for purposes of his own. The case seems to be controlled by the decision of this court in *Powell* v. *Cortez*, 44 *Ga. App.* 205 (160 S. E. 698), which is very similar in its facts.

The verdict in favor of the plaintiff as against the defendant master was not authorized, and must be set aside.

*Judgment reversed. Sutton, J., concurs. Stephens, J., dissents.*

STEPHENS, J., dissenting. It is clearly inferable from the evidence, that, irrespective of any deviation from the direct route back to the store, the driver of the motorcycle was returning to the defendant's store. It is also inferable that the driver was employed generally at the store to make deliveries, and whether, in returning, he deviated from the direct route or not, it was certainly necessary for him to return to the store for the further performance of his duties in making other deliveries. The defendant himself, in a conversation with the plaintiff's father a short while after the accident,

stated that the motorcycle boy was in the defendant's employ and at the time of the accident "was on a delivery," but did not say whether it was his business or not. At that time it was to the defendant's interest to disclaim that the delivery boy at the time of the accident was engaged in the defendant's business, and when the defendant failed to make this disclaimer at that time it is inferable from his silence in this respect that at the time of the accident the delivery boy was on a delivery for the defendant and was engaged in the defendant's business. "Acquiescence or silence, when the circumstances require an answer or denial or other conduct, may amount to an admission." Civil Code (1910), § 5782; *Holston* v. *Southern Railway Co.*, 116 *Ga.* 656 (2) (43 S. E. 29). While the witness did also testify that the defendant "did say something about the boy not being on his business at the time," the witness in the very next breath, as indicated in the brief of the evidence, stated as above indicated that "he said that he was on a delivery, but did not say whether it was his business or not." There are seemingly two conflicting statements in the witness's testimony, and certainly the jury had a right to determine which one of these statements should be believed. The jury therefore was authorized to conclude that when the defendant talked to the witness he made no disclaimer that the delivery boy at the time of the injury was not on the defendant's business. I think the evidence authorized a finding for the plaintiff. See *Limerick* v. *Roberts,* 32 *Ga. App.* 755 (124 S. E. 806), and *Perry* v. *Lott,* 38 *Ga. App.* 729 (145 S. E. 479). There appears to be no merit in the special grounds of the motion for a new trial. I dissent from the judgment of reversal.

ON MOTION FOR REHEARING.

By a motion for rehearing the plaintiff insists that this court overlooked the testimony of the plaintiff's father, to the effect, as stated by the motion, that shortly after the accident "the defendant told him that Daniel [the delivery boy] was on a delivery at the time." The entire testimony of the plaintiff's father in this respect, on direct examination, was as follows: "After the accident I had a conversation with Mr. Selman. He approached me about the third day after it happened. He said that he owned the motorcycle that struck the boy, and that the boy was employed by him; that was the boy that struck Jimmie." Immediately following the

quoted testimony the witness testified on cross-examination as follows: "He [the defendant] did say something about the boy not being on his business at the time. He said that he was on delivery, but did not say whether it was his business or not. He did not say that he had sent the boy to Clifton Road and that he had come back contrary to his instructions and that he had fired him. He said that he was on a delivery, but I don't remember where the delivery was made. He did tell me that he had been gone a long time. The boy was probably in jail by that time, and he had traced him up."

We do not think the jury would have been authorized to isolate from the entire conversation between the defendant and the plaintiff's father the single expression that "he said he was on delivery," and construe that as an admission on the part of the defendant that at the time of the accident the delivery boy was acting in the prosecution of and within the scope of his employment. It was nowhere contended by the defendant that the delivery boy was not in his employment and he freely testified that the delivery boy left his store, on his motorcycle, to make a delivery. That seems to be the purport of his conversation with the plaintiff's father, and these facts were undisputed. The weakness of the plaintiff's case lay in the fact that after making the delivery the servant stepped aside from his master's business to do an act entirely disconnected from it, and in which the master had no concern. The admission of the defendant was simply to the effect that the delivery boy had left the store to make a delivery, and under no reasonable interpretation could it be construed as an admission that he had not stepped aside from his duties at the time the accident occurred, which the evidence demonstrates was in fact the case.

Movant also in his motion for rehearing cites *Yellow Cab Co.* v. *Nelson*, 35 *Ga. App.* 694 (134 S. E. 822). As was held in that case, had there been no other testimony on the subject, the jury might have been authorized to infer from the proof that at the time of the accident the servant of the defendant was operating the defendant's motorcycle upon the public streets in the usual and ordinary way, that the servant was using it in the prosecution of the owner's business; but no such inference could be authorized, in view of the plain and undisputed testimony from every witness who had any knowledge of the facts, that in this case such was not true,

but that the delivery boy was shown to be on a mission totally disconnected from the master's business.

<em>Rehearing denied. Stephens, J., dissents.</em>