22629. WILLIAMSON & SONS INCORPORATED *v.* SMITH.

STEPHENS, J. 1. A person employed by a real-estate broker to act for him as a "real-estate salesman," whose duties are to obtain listings of real estate for sale, "to make sales of real estate just in a general way," and who has "the privilege of making transactions generally," is a general agent of the broker to procure purchasers for real estate listed with the broker for sale, and it is within the scope of the apparent authority of the salesman, as agent of the broker in negotiating sales of real estate, to bind his principal by an obligation to the purchaser, made for the purpose of inducing the purchaser to buy the real estate, and, as a part of the consideration moving to the contract for the purchase of the real estate, to guarantee to obtain for the purchaser a cancellation of a lease which the purchaser has as tenant of premises other than the premises which are the subject-matter of the sale. Civil Code (1910), § 3595.

2. Upon the trial of a case where the plaintiff sought damages for an alleged breach of an agreement by the defendant to obtain a cancellation of a lease of the plaintiff as tenant of another, where it appeared from the evidence, without dispute, that a real-estate salesman, who it was alleged agreed to obtain a cancellation of the plaintiff's lease, possessed as the agent of the defendant the power and authority indicated in para-

graph 1 above, to bind the defendant by an agreement to obtain a cancellation of the plaintiff's lease, and while there may have been an issue of fact whether the alleged agreement was made, it was immaterial whether such contract, if made by the agent, was ratified. Therefore a charge of the court submitting to the consideration of the jury any issue as to such ratification was harmless to the defendant.

3. While there was an issue of fact whether the defendant, through its agent agreed with the plaintiff to obtain the cancellation of the plaintiff's lease with another, the evidence nowhere authorized an inference that obtaining this cancellation was a condition precedent to the execution by the plaintiff of the contract to purchase the real estate through the defendant as a real-estate broker. The court therefore did not err in failing to instruct the jury that if the plaintiff entered into the contract to purchase the real estate with knowledge that the defendant had not obtained the cancellation of the plaintiff's lease with another person, the plaintiff could not recover.

4. The evidence authorized the verdict for the plaintiff, and no error appears. The superior court did not err in dismissing the certiorari.

*Judgment affirmed.* *Sutton, J., concurs. Jenkins, P. J., absent on account of illness.*

*G. H. Cornwell,* for plaintiff in error.
*Ray Williams, Colquitt, Parker, Troutman & Arkwright,* contra.