24512. ATLANTA FURNITURE COMPANY v. WALKER.

STEPHENS, J. 1. Although a servant may have made a temporary departure from the service of his master, and in so doing may for the time have severed the relationship of master and servant, yet where the object of the servant's departure has been accomplished and he has resumed the discharge of his duties to the master, the responsibility of the master for the acts of the servant reattaches. Where a servant whose duty in the employment of the master is to drive a truck and to make delivery of an article of merchandise at a designated place, and then return with the truck to the garage where it is to be placed for the night, and where the servant, after having proceeded to the place for delivery of the merchandise, instead of proceeding to return the truck to the garage, makes a temporary departure from the service of the master by proceeding with the truck on a devious course from that necessary to return it to the garage and goes to his own home on a mission of his own, and where, after attending to this mission, he proceeds, about 9 o'clock at night, to return the truck to the garage as his duties to the master require him, the servant has then resumed his duties to the master, and in the opera-tion of the truck for the purpose of returning it to the garage he is act-ing within the scope of his authority and is in the discharge of his duty to the master. Where in returning the truck to the garage the servant negligently runs it against and injures an automobile belonging to an-other person, the servant's negligence is the negligence of the master. Barmore v. Vicksburg &c. R. Co., 85 Miss. 426, 70 L. R. A. 627; Riley v. Standard Oil Co., 231 N. Y. 301 (132 N. E. 97); Edwards v. Earnest, 206 Ala. 1 (89 So. 729); Gibson v. Dupree, 26 Colo. App. 324; 39 C. J. 1298. The case of Selman v. Wallace, 45 Ga. App. 688 (165 S. E. 851), is distinguishable, in that the decision, as announced by the majority of the court, was predicated on the proposition that the servant at the time of the injury complained of was proceeding towards a place upon a mis-sion of his own. Greeson v. Bailey, 167 Ga. 638 (146 S. E. 490); Powell v. Cortez, 44 Ga. App. 205 (160 S. E. 698), and Dawson Chevrolet Com-pany v. Ford, 47 Ga. App. 312 (170 S. E. 306), are clearly distinguish-able on the facts. In none of these cases did the injury occur while the servant of the defendant was operating the automobile under conditions similar to those under which the automobile in the case now before the court was being operated.

2. While the difference between the market value of personal property be-fore and its market value after it has been damaged as a result of the tortious act of another person is recoverable as an element of damage, this difference, which is represented in the depreciation in the value of

)

782

the property as a result of the damage, where the damage is not in excess of the value with interest of the property before it was damaged, may be determined by a jury where there is evidence as to the nature of the property and its condition prior to the damage and also its value, and the nature, character, and the amount of the damage. See *Olliff* v. *Howard*, 33 *Ga. App.* 778 (127 S. E. 821). On the trial of a suit to recover damages alleged to have been sustained by the plaintiff's automobile as a result of a collision with the defendant's automobile, where there was evidence of the value of the automobile at the time of the collision and evidence that the automobile before the collision was in good running condition and that after the collision it had not been "any good," and there was evidence in detail as to the damage done to the automobile and its condition after the collision and the nature and the cost of the repairs necessitated by the damage and which were made upon the automobile, the evidence was sufficient to authorize an inference as to the amount of depreciation in the value of the automobile as a result of the damages sustained. Where there also appears from the evidence the length of time which the plaintiff was deprived of the use of the automobile by reason of the time required in making the repairs which were necessitated by the damage to the automobile, the evidence is sufficient to authorize the jury to find the reasonable value of the automobile for use during the period of the plaintiff's deprivation of its use as a result of the damage.

3. None of the excerpts from the charge of the court were error on the ground that they were not authorized by the evidence.

4. The verdict for the plaintiff was authorized by the evidence and no error appears.

*Judgment affirmed. Jenkins, P. J., concurs. Sutton, J., concurs in the judgment.*

DECIDED SEPTEMBER 16, 1935. REHEARING DENIED SEPTEMBER 27, 1935.

*Don K. Johnston,* for plaintiff in error.
*Charles D. Hurt, Irving S. Nathan,* contra.