### 25683. MARSH v. POSTAL TELEGRAPH-CABLE COMPANY.

STEPHENS, J.  1. Where, to facilitate the discharge of the duties of a servant employed by a telegraph company, in going out from the office when directed to collect telegraphic messages and bring them to the company, it is essential that the servant ride a bicycle, it is to the interest of the company that the bicycle be kept in repair; and where the servant, in order to have the bicycle repaired, is authorized by the employer to go to a repair-shop for that purpose, the servant, after leaving the office and going to the repair-shop for the purpose of having the bicycle repaired, and in afterward returning on a bicycle from the shop to the office of the company, is still in the discharge of the duties for which he is employed. *Limerick* v. *Roberts*, 32 *Ga. App.* 755 (124 S. E. 806) ; *Atlanta Furniture Co.* v. *Walker*, 51 *Ga. App.* 781 (181 S. E. 498). The case of *Selman* v. *Wallace*, 45 *Ga. App.* 688 (165 S. E. 851), is distinguishable, in that the decision as announced by the majority of the court was predicated on the proposition that the servant at the time of the injury complained of was proceeding towards a place upon a mission of his own. Where on the return trip the servant negligently runs into a pedestrian on the street and injures him as the proximate result of such negligence, the injury to the pedestrian is proximately caused by the negligence of the telegraph company through its servant and agent, the messenger, in operating the bicycle along the street in the discharge of the duties for which he was employed by the telegraph company.

2. On the trial of a suit by the person injured, against the telegraph company, the evidence adduced was sufficient to authorize a finding that the plaintiff was injured as a result of the negligence of the defendant, through its agent and servant in the operation of the bicycle along a street in the discharge of the defendant's business. A verdict for the plaintiff would have been authorized, and the court erred in directing a verdict for the defendant.

3. It is no valid ground of demurrer to a paragraph of the petition which contains no allegation of fact but which is merely a notification to the defendant to produce at the trial certain designated records and papers, etc., to be used as evidence, that the notice to produce is "improperly included" in the petition. The court erred in sustaining the special demurrer to this paragraph of the petition.

*Judgment reversed. Jenkins, P. J., concurs. Sutton, J., dissents.*

DECIDED NOVEMBER 23, 1936. REHEARING DENIED DECEMBER 17, 1936.

*Ben C. Williford;* for plaintiff.

*Neely, Marshall & Greene, W. Neal Baird,* for defendant.

SUTTON, J., dissenting. It appears from the record that the messenger-boy for the defendant telegraph company furnished his own bicycle in delivering messages for the company; that he had been relieved from duty to go and have his bicycle repaired, it being his obligation to have such repairs made at his own expense, and that he had gone to a bicycle shop where he traded his bicycle for another, and was on his way back to the company's office when the alleged accident occurred; and that he was on his own mission, and not in the prosecution of his master's business. The evidence in this respect is undisputed. Under the evidence and the principles laid down in the Code, § 105-108, and the decisions of this court in *Selman v. Wallace,* 45 *Ga. App.* 688 (supra), and *Dawson Chevrolet Co.* v. *Ford,* 47 *Ga. App.* 312 (170 S. E. 306), and cit., I am of the opinion that the court properly directed the verdict for the defendant.