### 30437. ATLANTA LAUNDRIES INC. *v*. GOLDBERG.

DECIDED MAY 19, 1944.

Haas, Lyons & Hurt, R. Emerson Gardner, for plaintiff in error.
James A. Branch, Thomas B. Branch Jr., contra.

GARDNER, J. ■ Harry L. Goldberg, hereinafter called the plaintiff, recovered a judgment against Atlanta Laundries Inc., hereinafter called the defendant. The defendant excepted to the judgment overruling its motion for a new trial. At the trial, the evidence for the plaintiff established beyond contention that a truck belonging to the defendant, while being operated by his employee, Beasley, at a speed of between 25 and 30 miles per hour on Broad Street in the City of Atlanta, was driven into the rear end of the plaintiff's automobile. At the time of the collision the plain-

tiff's car was either standing or moving very slowly in a line of traffic. About two o'clock on the afternoon of the collision Beasley had been directed by the defendant to make a delivery of laundry from its plant on Brotherton Street between Memorial Drive and Woodward Avenue, to the Atlanta Athletic Club on Carnegie Way. At the point where the collision occurred, Broad Street was a proper and authorized way, although perhaps not the most direct way, for the truck to return from the athletic club to the defendant's laundry. It was Beasley's duty to return the truck to the laundry after making delivery to the athletic club, and his hours for the day were to end at six o'clock p. m. The collision occurred between five and six o'clock. The plaintiff thus established (1) that the laundry truck was owned by the defendant; (2) that Beasley was the employee of the defendant; and (3) that at the time of the collision Beasley was operating the truck. The evidence having thus established those elements, the presumption arose that the servant was about his master's business, acting within the scope of his authority, and that the defendant was liable for his negligent conduct. *Gallagher* v. *Gunn,* 16 *Ga. App.* 600 (85 S. E. 930) ; *Moore* v. *DeKalb Supply Co.,* 34 *Ga. App.* 376 (129 S. E. 899) ; *Jackson* v. *Service Laundry Co.,* 35 *Ga. App.* 760 (134 S. E. 832) ; *Abelman* v. *Ormond,* 53 *Ga. App.* 753 (187 S. E. 393). At this stage the defendant, assuming the burden of proof, introduced Beasley for the purpose of rebutting the presumption of liability. A presumption, such as here under consideration, may be overcome by testimony. *Hamby* v. *Crisp,* 48 *Ga. App.* 418 (6 *a*) (172 S. E. 842) ; *National Life &c. Co.* v. *Hankerson,* 49 *Ga. App.* 350 (7) (175 S. E. 590). But it is usually a jury question as to whether the presumption has been successfully rebutted. *Mobley* v. *Lyon,* 134 *Ga.* 125, 130 (67 S. E. 668, 137 Am. St. R. 213, 19 Ann. Cas. 1004). In *Hamby* v. *Crisp,* supra, the court said: "Where there is proof of facts or circumstances to support the presumption, and the evidence as a whole is conflicting, a verdict in favor of either party will not be disturbed upon general grounds. *Atlantic R. Co.* v. *Williams,* 120 *Ga.* 1042 (48 S. E. 404) ; *Darien R. Co.* v. *Thomas,* 125 *Ga.* 801 (54 S. E. 692) ; *Western R. Co.* v. *Waldrip,* 18 *Ga. App.* 263 (89 S. E. 346). See also *Jones* v. *Teasley,* 25 *Ga. App.* 784, 787 (105 S. E. 46)." With the burden of proof thus shifted to the defendant, and in the light of the principles of

law stated in the above-cited authorities, we will now inquire whether the defendant introduced sufficient testimony, in connection with all the other circumstances in the case, to demand, as a matter of law, a verdict in its favor, notwithstanding the presumption established in behalf of the plaintiff. Beasley testified that after having made the delivery to the athletic club, he went on an approximately forty-five-minute ride to a beer tavern, and there engaged in beer drinking from the results of which he became intoxicated. His testimony as to certain of his conduct from the time he left the athletic club on this escapade until the collision seems to be evasive, equivocal, and contradictory. At one portion of his testimony he stated that he "passed out." He does not say just when he passed out. At one place in his testimony he claims to have waked up about nine o'clock in the police station, and at another place he claims to have waked up about one o'clock. In certain portions of his testimony he claims to have been intoxicated to the extent that he was not conscious of what he was doing. At another place he states: "As well as I remember, I was just driving along, going back to the laundry. I can imagine that I was going back to the laundry to give up this truck or put it in the garage." When we consider Beasley's testimony in connection with all the other facts and circumstances in the case, established by evidence other than that of Beasley, and construing it most strongly to sustain the verdict, we conclude that the jury were authorized to find a verdict in favor of the plaintiff. According to the testimony of Beasley he had driven the car from the beer tavern (a forty or forty-five-minute drive) in the City of Atlanta, to the point of the collision on Broad Street, a proper route to travel from the athletic club to the laundry for the purpose of serving his master in the scope of his employment by returning the truck. The evidence establishes the fact, if we take Beasley's testimony as true, that he did temporarily (after making delivery of laundry to the athletic club) turn aside from the scope of his duty to engage in beer drinking, which was personal to himself, and of no concern to his master, and was outside the scope of his employment; but under the facts of this case the jury were authorized to find that at the time of the collision Beasley had finished the personal deviation and had returned to his duties within the scope of his employment, and had at the time resumed his master's business.

The facts in the instant case are very similar to those in *Atlanta Furniture Co.* v. *Walker*, 51 *Ga. App.* 781 (181 S. E. 498), wherein this court said: "Although a servant may have made a temporary departure from the service of his master, and·in so doing may for the time have severed the relationship of master and servant, yet where the object of the servant's departure has been accomplished and he has resumed the discharge of his duties to the master, the responsibility of the master for the acts of the servant reattaches. Where a servant whose duty in the employment of the master is to drive a truck and to make delivery of an article of merchandise at a designated place, and then return with the truck to the garage where it is to be placed for the night, and where the servant, after having proceeded to the place for delivery of the merchandise, instead of proceeding to return the truck to the garage, makes a temporary departure from the service of the master by proceeding with the truck on a devious course from that necessary to return it to the garage and goes to his own home on a mission of his own, and where, after attending to this mission, he proceeds, about 9 o'clock at night, to return the truck to the garage as his duties to the master require him, the servant has then resumed his duties to the master, and in the operation of the truck for the purpose of returning it to the garage he is acting within the scope of his authority and is in the discharge of his duty to the master. Where in returning the truck to the garage the servant negligently runs it against and injures an automobile belonging to another person, the servant's negligence is the negligence of the master." See also to the same general effect, *Parks* v. *Maryland Casualty Co.,* 69 *Ga. App.* 720 (26 S. E. 2d, 562); *Marsh* v. *Postal Telegraph-Cable Co.,* 55 *Ga. App.* 57 (189 S. E. 550); *Abelman* v. *Ormond,* supra; *Davis* v. *Hearn,* 45 *Ga. App.* 276 (164 S. E. 273). The assignments of error are, as to the general grounds, without merit.

■ The court charged the Code, § 4-302, as follows: "The principal shall be bound by all the acts of his agent within the scope of his authority; if the agent shall exceed his authority, the principal may not ratify in part and repudiate in part; he shall adopt either the whole or none." Error is assigned in special ground 1 on the ground: "Because the court erred in giving the following in charge: 'If the agent shall exceed his authority, the

principal may not ratify in part and repudiate in part; he shall adopt either the whole or none.'" It is argued that it was such prejudicial error as to require a reversal for the court to charge the latter portion of the section quoted above. It is contended that in so charging the jury were instructed to the prejudice of the defendant to believe that if the defendant accepted the benefit of the delivery of the laundry to the athletic club, it was bound to accept and ratify the unauthorized act of its servant in going to and from the beer tavern. Counsel for the defendant rely largely on the case of *Reddy-Waldhauer-Maffett Co.* v. *Spivey*, 53 *Ga. App.* 117 (185 S. E. 147). ¹ The facts in that case are entirely different from those in the instant case. In that case there was no question that the servant at the time of the alleged injury had not resumed his duties within the scope of his employment. He had not done so. In the instant case the servant, according to the contention of the plaintiff (and there is evidence to support this contention), had completed his personal deviation and had returned to his duties for his master within the scope of his employment, and no doubt the judge based the portion of the charge complained of on the evidence that the master compensated the servant for the full day on which the alleged injury occurred. If the injury in the instant case had occurred while the servant was going to the beer tavern, then the facts of this case would be similar to the facts in *Reddy-Waldhauer-Maffett Co.* v. *Spivey*, supra. But conceding, without deciding, that the portion of the Code section assigned as error was not applicable, still we do not think, under the facts of this case, it would be reversible error. This court held in *Dixie Manufacturing Co.* v. *Ricks*, 30 *Ga. App.* 433 (3) (118 S. E. 452): "It was not cause for a new trial that the judge read in charge to the jury a Code section part of which was applicable to the case under consideration and part not, it not appearing that the reading of the inapplicable part was calculated to mislead the jury, erroneously affected their verdict, or was prejudicial to the rights of the complaining party. *Eagle & Phenix Mills* v. *Herron*, 119 *Ga.* 389 (3) (46 S. E. 405)." Under the record of this case we can not believe that the charge misled the jury or prejudiced the rights of the defendant. Also, see in this connection, *Martin* v. *Hale*, 136 *Ga.* 228 (2) (71 S. E. 133); *Harley Hardware Co.* v. *Harry S. LaFond Co.*, 28 *Ga. App.* 584 (5) (112 S. E. 394);

*Central of Georgia Ry. Co.* v. *Barnett,* 35 *Ga. App.* 528, 534 (3) (134 S. E. 126) ; *Williamson* v. *Smith,* 47 *Ga. App.* 495 (1, 2) (170 S. E. 709).

■ In special ground 2 complaint is made because the court charged: "Gentlemen, I charge you that where, as in this case on trial, the defendant admits in open court that it owned the truck and that the driver, Beasley, was in the employ of the defendant at the time of the collision the burden of proof of showing that the driver, Beasley, was not at the time of the collision acting within the scope of his authority is upon the defendant." Error is assigned on this excerpt because the evidence did not authorize it. As we have endeavored to set out in division 1 of this opinion, the evidence authorized the charge. This assignment is without merit. *Gallagher* v. *Gunn,* supra; *Moore* v. *DeKalb Supply Co.,* supra; *Haygood* v. *Bell,* 42 *Ga. App.* 602 (157 S. E. 239) ; *Dawson Motor Co.* v. *Petty,* 53 *Ga. App.* 746, 749 (186 S. E. 877).

■ In special ground 3 error is assigned on the following charge : "If you find that the driver had departed or deviated, but that at the time of the collision he had resumed the business of the defendant and was at that time returning the truck to the garage or place of business of the defendant, then and in that event the defendant would be liable." Error is assigned on this charge because (a) there was no evidence to support it, and (b) it amounted to an expression of opinion. This charge was not erroneous for any reason assigned. It is clear from the charge that the court left the hypothesis to be established by the jury from the evidence. There was evidence to sustain the charge, and there was no expression of opinion as to what had or had not been proved. *Yarborough* v. *State,* 86 *Ga.* 396 (2) (12 S. E. 650) ; *Daniels* v. *State,* 58 *Ga. App.* 599 (13) (199 S. E. 572) ; *Callaway* v. *Pickard,* 68 *Ga. App.* 637, 645 (23 S. E. 2d, 564).

■ Special ground 4 complains of exclusion of testimony. It appears that the defendant introduced a witness, Dr. Joseph C. Reed, who examined the plaintiff at the instance of Ætna Insurance Company. After the examination was made the witness made a report to the insurance company. While under cross-examination he made reference to a certain hospital record of the defendant, which he had copied into his report to the insurance company, to the effect that the plaintiff suffered (a) from muscular soreness,

and (b) from possible chipped fracture of the vertebra. Under cross-examination counsel for the plaintiff was authorized to question the witness concerning his own report regardless of whether or not a part of the same was copied from the hospital record. Of course the hospital record was hearsay and not admissible. *Mutual Benefit Health &c. Association* v. *Bell*, 49 *Ga. App.* 640, 651 (176 S. E. 124). But on cross-examination as to a written statement which the witness made to the insurance company concerning the condition of the plaintiff, this is quite a different question, and would go to his credit. Particularly is this true when it appears that the witness admitted that he was reading to the jury from his written statement to the insurance company, and had omitted the portion of the statement referring to the portion he obtained from the hospital record. There is no error in this ground for the further reason that, if it be conceded that the portion of the testimony objected to was hearsay, direct evidence to the same general effect as that to which objection was urged as being hearsay, was admitted without objection. *City of Atlanta* v. *Carroll*, 194 *Ga.* 172 (4) (21 S. E. 2d, 86) ; *Emory University* v. *Shadburn*, 47 *Ga. App.* 643 (9) (171 S. E. 192).

■ Special ground 5 complains because the court, over objection of the plaintiff, refused to admit a part of the hospital record to the effect that the plaintiff was a malingerer. This evidence was hearsay and inadmissible. *Mutual Benefit Health &c. Association* v. *Bell*, supra; *Bankers Health &c. Insurance Co.* v. *Kelsey*, 60 *Ga. App.* 899, 900 (5 S. E. 2d, 600).

■ Special ground 6 assigns error because the court excluded an affidavit of the plaintiff concerning the injury in question. It appears that a portion of the affidavit had been cut off. There was no evidence offered to explain the mutilation. Therefore the court did not err in excluding it for any of the reasons assigned. See *Colt Co.* v. *Butler*, 29 *Ga. App.* 396 (2) (115 S. E. 503) ; *Jones* v. *Bank of Powder Springs*, 31 *Ga. App.* 263 (2) (120 S. E. 422). See also *Trice* v. *Adams*, 33 *Ga. App.* 257, 258 (125 S. E. 878).

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*