32469.   HIX-GREEN COMPANY *v.* DOWIS.

DECIDED MAY 25, 1949. REHEARING DENIED JUNE 10, 1949.

414

416

*Neely, Marshall & Greene*, for plaintiff in error.

*Young H. Fraser*, contra.

TOWNSEND, J. (After stating the foregoing facts.) ■ Special grounds 1, 2, 3, and 7 contend that the trial court erred in stating to the jury contentions of certain acts of negligence, contained in the petition, which it is insisted were not supported by the evidence. The trial court in the charge made no reference to the particular acts of negligence—including the ones of which complaint is made under these grounds—other than that of reading the acts of negligence charged in the petition. Further along in the charge, the court instructed the jury as follows: "And when you come to pass on the question as to whether or not the defendant was negligent you would be confined to these specifications in which the plaintiff charges negligence, and which have been called to your attention. You would not be authorized to go outside and inquire whether the defendant was or was not negligent in any other manner or particular than those alleged. The law being that if the plaintiff recovers at all he must recover upon the case as he presents it to the jury and to the court in his petition.

"However, in order to recover it is not required of the plaintiff

that he prove each and every act or omission of negligence as set forth in the petition. If he shows by the evidence that some one or more of said acts was the proximate cause of the injury complained of and the defendant was negligent therein, the plaintiff would be entitled to recover insofar as this phase of the case is concerned." Further in the charge is this language: "Your method of inquiry would be in determining whether or not the defendant was guilty of negligence; you would take into consideration all the evidence in the case that would satisfy your minds on this question—the time, the place, the circumstances, the surroundings, all that occurred so far as disclosed by the evidence; and then say for yourselves whether or not the defendant, through its servants and employees, was guilty of negligence insofar as negligence is charged in the plaintiff's petition. . . The only negligence, if there was such negligence, that would be considered by you would be such negligence as you believe from the evidence to have been the proximate cause of the injury to the plaintiff." Although the defendant contends that it made an oral request to the court not to charge these acts of negligence unsupported by the evidence, such request was not in accordance with law. Code, § 81-1101. In *Barbre v. Scott*, 75 *Ga. App.* 525 (7) (supra), in which there was a timely written request, this court held: "It is not error for the court, in charging the jury, merely to state correctly the contentions made by the allegations of the petition, even though some of the contentions may not be supported by the evidence." See also *Central Truckaway System v. Harrigan*, 79 *Ga. App.* 117 (supra).

These assignments of error are without merit.

■ Special ground 4 contends that the court erred in charging the jury that, when the plaintiff's evidence shows that the defendant was the owner of the automobile that injured him, and that the driver operating the machine at the time of the injury was the defendant's servant, the presumption arose that the servant was engaged in the master's business and within the scope of his employment; and that the burden was then upon the defendant to show that the machine was not his or that the driver was not his servant or that the servant was not at the time of the injury engaged in the prosecution of the defendant's business, the de-

fendant contending that this placed upon it a greater burden than was required by law.

In *Dawson Motor Co.* v. *Petty*, 53 *Ga. App.* 746, 749 (186 S. E. 877); it is held as follows: "When the plaintiff showed by competent uncontradicted evidence that the defendant was the owner of the automobile that injured him and that the person operating it was, at the time of the injury, in the defendant's employment, the presumption arose that the servant was engaged in the master's business and within the scope of his employment; and the burden was then on the defendant to show that the person operating the machine was not his servant, or was not at the time of the injury engaged in the business of the master." See also *Gallagher* v. *Gunn*, 16 *Ga. App.* 600 (85 S. E. 930); *Brown* v. *Meikleham*, 34 *Ga. App.* 207 (128 S. E. 918); *Moore* v. *DeKalb Supply Co.*, 34 *Ga. App.* 375 (129 S. E. 899); *Perry* v. *Lott*, 38 *Ga. App.* 729 (145 S. E. 479); *Haygood* v. *Bell*, 42 *Ga. App.* 602 (157 S. E. 239); *Mitchem* v. *Shearman Concrete Pipe Co.*, 45 *Ga. App.* 809 (165 S. E. 889); *Fielder* v. *Davison*, 139 *Ga.* 509 (77 S. E. 618).

The excerpt from the charge complained of in this special ground of the amended motion for a new trial is not error for any reason assigned therein.

■ Special grounds 5 and 6 contend that the court erred in excluding from evidence a postal card marked defendant's exhibit No. 2, which was a notice from Wellborn R. Ellis, Administrator of the Fulton County Department of Public Welfare, addressed to the wife of Johnnie Snead, at 138 Chestnut St. N. W., Apt. 112, Atlanta, notifying her that she would be entitled to receive on April 24th, 1947, 72 pounds of Irish potatoes at the Commodity Warehouse, 320 North Highland Avenue, N. E.; and certain conversations to which two coemployees would have testified, between them and Johnnie Snead on the morning of the collision, to the effect that he stated to them that he was going by to pick up some potatoes that day which the Government was going to give him, the defendant contending that this evidence was offered for the purpose of showing conduct on the part of Snead at the time of the collision.

While it is competent to prove conduct or motive by hearsay, the fact which the defendant sought to prove by this hearsay

evidence was the very fact on which the defense turned, namely, whether the truck driver was on an errand of his own or on business other than the employer's. To illustrate, it is proper for peace officers to testify that a certain person is reported to be handling liquor, in explaining why a search warrant was procured and why a raid was made. But such hearsay evidence is not admissible to prove the crime.

At the time this conversation was offered, the truck driver had not testified. Later he testified, not for the plaintiff, but as a witness for the defendant.

Such hearsay was self-serving so far as the defendant was concerned, and for that reason inadmissible. In 22 C. J. 195, 229, it is said: "The favorable, unsworn statement of an employee is not evidence for his employer, the rule being the same in this respect whether the statement was oral or in writing." Also in 22 C. J. 194, 228, 229, it is said: "The unsworn declarations of an agent are not admissible on behalf of the principal, even though the agent is dead. Accordingly, the favorable, unsworn statements of one codefendant, copartner, for the other, or of a guardian for his ward, a principal for his surety, or a husband or wife for his or her spouse are rejected. The rule is the same whether the statements of the agent are oral or in writing, and hence letters written by an attorney or other agent, to his principal or to another person on behalf of his principal are excluded where the statements therein are favorable to the principal."

Neither of these grounds has merit.

■ Under the general grounds, the defendant contends that the evidence shows that the truck driver in question was not in the scope of his employment at the time of the injury, but had deviated from his master's employment and had gone off on a personal mission of his own. One of the defendant's witnesses testified that he had requested Johnnie Snead to pick up certain articles at Mellen Battery Company during that day if he were over that way. He also testified that this truck driver made trips all over town. It was admitted by the defendant that the truck in question belonged to it, and that said truck driver was its employee, employed to drive the truck in making deliveries and pickups over town. Snead was used as a witness for the de-

fendant, and he testified against it that he was on no personal mission of his own, but that he was making his usual roundabout turn and was returning to his place of employment at the time of the collision. The verdict was supported by the evidence.

The judgment of the trial court overruling the motion for a new trial as amended is without error.

*Judgment affirmed. MacIntyre, P. J., and Gardner, J. concur.*