36647. FULTON BAG & COTTON MILLS *v.* EUDALY *et al.*

DECIDED APRIL 17, 1957—REHEARING DENIED APRIL 29, 1957.

*Burt DeRieux, Marshall, Greene & Neely,* for plaintiff in error.
*Hamilton Douglas, Jr., Haas, White & Douglas,* contra.

QUILLIAN, J. For the sake of convenience we shall refer to the Fulton Bag & Cotton Mills as the defendant, and Mrs. Audrey D. Eudaly as the plaintiff. Stafford Benedict, the co-defendant, will be referred to by name.

The defendant's motion for judgment notwithstanding the verdict was predicated on the theory that the evidence did not prove the plaintiff's case as laid; that the evidence demanded a finding that at the time of the collision made the basis of the case, Stafford Benedict was not acting for Fulton Bag & Cotton Mills, but was engaged upon a mission which was purely personal to him; and that the evidence demanded a finding that Benedict was

driving his personally owned car on a personal mission and was not acting as the agent of the defendant Fulton Bag & Cotton Mills, and, as a consequence, was not acting in the furtherance of the business of that defendant, or in the course of, or in the scope of his employment with Fulton Bag & Cotton Mills.

The plaintiff's argument is based on two positions: first, that Benedict being a traveling salesman, his employment is continuous both day and night; second, even if Benedict had temporarily departed from his employment, when he began his return trip he again resumed the duties of his employment and was so engaged when the collision occurred.

It is true "that a traveling salesman, away from home or headquarters, is in continuous employment, and that an accident to him arises in the course of his employment 'if it occurs while the employee is doing what a man so employed may reasonably do within a time during which he is employed, and at a place where he may reasonably be during that time.' " *U. S. Fidelity & Guaranty Co.* v. *Skinner*, 188 *Ga.* 823, 826 (5 S. E. 2d 9).

It is also true that "Although a servant may have made a temporary departure from the service of his master, and in so doing may for the time have severed the relationship of master and servant, yet where the object of the servant's departure has been accomplished and he has resumed the discharge of his duties to the master, the responsibility of the master for the acts of the servant reattaches." *Atlanta Furniture Co.* v. *Walker*, 51 *Ga. App.* 781 (1) (181 S. E. 498).

In the present case the evidence disclosed that the trip to Bemis was a totally personal matter and had no connection with Benedict's employment. Thus, the trip was a personal venture outside the scope of his employment. *Reddy-Waldhauer-Maffett Co.* v. *Spivey*, 53 *Ga. App.* 117 (185 S. E. 147) ; *Selman* v. *Wallace*, 45 *Ga. App.* 688 (165 S. E. 851) ; *Fambro* v. *Sparks*, 86 *Ga. App.* 726 (72 S. E. 2d 473) ; *United States Fidelity &c. Co.* v. *Skinner*, 188 *Ga.* 823 (5 S. E. 2d 9).

The judge erred in denying the motion for a judgment notwithstanding the verdict. In view of this ruling it is not necessary to rule on the motion for new trial.

*Judgment reversed with direction that the trial judge enter judgment for the defendant, Fulton Bag & Cotton Mills, in accordance with what is herein held. Felton, C. J., and Nichols, J., concur.*