66394. GRANT v. JONES et al.

DEEN, Presiding Judge.

Curtis E. Grant brought an action for damages and later amended the complaint to allege negligent entrustment of a vehicle against Albert Jones, William Pope, Edward Pope and Marion Pope, d/b/a Pope Cattle Farms. Marion Pope was dismissed as a party after she filed an affidavit stating that she had no connection with Pope Farms. The plaintiff contended that he was riding his motorcycle on Skull Shoal Road in Wilkes County on April 11, 1981, when he was involved in a collision with a tractor driven by Albert Jones. The collision occurred when the tractor, which was in the right lane, attempted to make a left turn without giving a signal of intention to turn.

The undisputed evidence showed that on the morning of the previous day, William Pope, who regularly employed Jones, asked him to operate the tractor owned by Pope Cattle Farms to cut grass on land owned by Pope Cattle Farms. Pope's affidavit states he instructed Jones to return the tractor by 5 p.m. to its shed near his house at the conclusion of the day's work. About 5 p.m. another of Pope's employees instructed Jones to return the tractor and gave him his weekly pay check for wages earned while in the employ of William Pope. Jones testified he was asked by William Pope to cut the grass on the three lots for the day's work approximately every two weeks and that Pope paid him an additional $20 in cash. Jones continued cutting grass until he finished the last lot at about 6:30 p.m. and instead of returning the tractor as instructed, he absconded with it

and went on a visiting-drinking spree in which he visited friends, purchased and consumed a quantity of alcohol, and finally arrived at his sister's house. Upon discovering she was not at home, Jones proceeded to finish drinking the alcohol in his possession and fell asleep under a tree. When he awoke, he discovered it was dark, but did not realize it was after midnight. He decided to return the tractor because "I wanted to hurry up and get it back before [William Pope] knowed anything about it" because he knew Pope would be angry with him for taking the tractor. Jones was operating the tractor without any headlights, while under the influence of alcohol, when the accident occurred approximately seven hours after he was instructed to return it.

The trial court granted summary judgment to William and Edward Pope and Pope Cattle Farms, holding that Jones was outside the scope of his employment at the time of the accident and that there had been no negligent entrustment of the vehicle to Jones. Grant appeals. *Held:*

Ownership of a vehicle alone is not sufficient to establish an owner's liability. *Shmunes v. Gen. Motors Corp.,* 146 Ga. App. 486 (246 SE2d 486) (1978); *Price v. Star Service &c. Corp.,* 119 Ga. App. 171, 174 (166 SE2d 593) (1969). Vicarious liability is set forth in OCGA § 51-2-2 (Code Ann. § 105-108), which provides: "Every person shall be liable for torts committed by his wife, his child, or his servant by his command or in the prosecution and within the scope of his business, whether the same are committed by negligence or voluntarily."

Liability of a master for the tortious acts of a servant does not arise solely because of the master-servant relationship but is predicated upon " 'whether [the act] was done within the scope of the actual transaction of the master's business for accomplishing the ends of his employment.' " *Colonial Stores v. Sasser,* 79 Ga. App. 604, 608 (54 SE2d 719) (1949); *Jones v. Reserve Ins. Co.,* 149 Ga. App. 176, 177 (253 SE2d 849) (1979). However, when a vehicle which is owned by the employer and operated by an employee is involved in an accident, a rebuttable presumption arises that the employee was acting within the scope of his employment at the time of the accident and the employer bears the burden of showing otherwise. *West Point Pepperell v. Knowles,* 132 Ga. App. 253 (208 SE2d 17) (1974). "This must be done by clear, positive and uncontradicted evidence. *Massey v. Henderson,* 138 Ga. App. 565 (226 SE2d 750) (1976)." *Allen Kane's Major Dodge v. Barnes,* 243 Ga. 776, 777 (257 SE2d 186) (1979). "The presumption that the servant is serving his master within the scope of his employment may, unless supported and corroborated by other evidence, be overcome by uncontradicted evidence. *F. E. Fortenberry*

*& Sons, v. Malmberg,* 97 Ga. App. 162, 165 (102 SE2d 667) (1958).

Appellant relies upon those cases which hold that where an employee deviates from the conduct of his master's business and embarks upon a purely personal trip, the master's liability reattaches when the servant resumes his master's business. See *Fulton Bag &c. Mills v. Eudaly,* 95 Ga. App. 644 (98 SE2d 235) (1957); *Atlanta Laundries v. Goldberg,* 71 Ga. App. 130 (30 SE2d 349) (1944); *Parks v. Maryland Cas. Co.,* 69 Ga. App. 720 (26 SE2d 562) (1943); *Atlanta Furniture v. Walker,* 51 Ga. App. 781 (181 SE 498) (1935). The reliance upon this line of cases is misplaced. The uncontroverted evidence showed that Jones was a borrowed servant who was a regular employee of William Pope and lent to Pope Cattle Farms for one day to cut grass; that his employment terminated at 5 p.m. the day before the accident, although he voluntarily chose to quit work at 6:30 so he could finish up the cutting; and that he was to be paid $20 for the day's work he did for the corporation. The testimony was uncontradicted that he was not acting within the scope of his employment at the time the accident occurred. When his job was finished, he decided to appropriate the tractor to his own personal use and then decided to return it before its absence was discovered. This case also does not involve a violation of an employer's rules by the employee, as in *Porter v. Jack's Cookie Co.,* 106 Ga. App. 497 (127 SE2d 313) (1962), since the accident did not occur at a time Jones was forbidden from performing his employment duties.

In *Allen Kane's Major Dodge v. Barnes,* supra at 780, the test for granting summary judgment is: "When the uncontradicted testimony of the defendant and/or the employee shows that the employee was not acting within the scope of his employment at the time of the accident, the plaintiff must show, in addition to the facts which give rise to the presumption that he was in the course of his employment. If this 'other fact' is *direct* evidence, that is sufficient for the case to go to a jury. However, when the 'other fact' is *circumstantial* evidence, it must be evidence sufficient to support a verdict in order to withstand the defendant's motion for summary judgment." Circumstantial evidence must reasonably support the claimed conclusion and render less probable all inconsistent conclusions. Here, appellant has introduced no evidence to rebut the uncontradicted testimony of Pope and Jones that the employee was not acting within the scope of his employment.

Appellant also contends that William Pope negligently entrusted the tractor to Jones because he "knew of Albert Jones' propensity towards habitual intoxication" and knew that as a result thereof, defendant Jones was an incompetent driver. The only evidence as to Jones' drinking problem was Jones' deposition

testimony that he was fired from his employment at Pope Cattle Farms several years previously by Edward Pope for "coming on the job drinking." Jones was in the pecan grove and "Mr. Ed told me to get off the tractor, and promptly he took me home there; told me to find another job." This testimony is rather vague; we cannot determine whether he was drunk while operating the tractor or merely sitting on it, whether he had shown up at work under the influence of alcohol some time earlier in the day or on a previous day, or whether "Mr. Ed" had just decided to fire him for his past drinking. Regardless of this testimony, there is no evidence that William Pope had any knowledge of Jones' driving under the influence of alcohol or that he was not competent to drive or exercise custody and control of the tractor. *Elliott v. Leavitt,* 122 Ga. App. 622 (178 SE2d 268) (1970). Moreover, there was no entrustment of the tractor to Jones at the time of the accident, as he had taken the vehicle without permission, and it was being operated without William Pope's knowledge and consent. *Brown v. Sheffield,* 121 Ga. App. 383 (173 SE2d 891) (1970).

*Judgment affirmed. Banke, J., concurs. Carley, J., concurs in the judgment only.*

DECIDED NOVEMBER 1, 1983.

*John F. Lyndon,* for appellant.
*R. Christopher Irwin, Jr.,* for appellees.