GORDON CARLSON, a Minor, by Helmer R. Carlson, His Guardian ad Litem, Respondent, v. MRS. HULDA HOFF, Appellant.

(230 N. W. 294.)

394

Opinion filed March 31, 1930.

*Frank J. Campbell* and *Richardson, Thorp & Wattam,* for appellant.

*W. H. Barnett* and *Shure & Murphy,* for respondent.

BURKE, Ch. J. This is an appeal from a judgment and from an order overruling the defendant's motion for judgment notwithstanding the verdict or for a new trial.

In March 1928, the defendant, Mrs. Hulda Hoff, owned and operated a grocery store near the corner of First Ave. So. and Eleventh Street in the city of Fargo, North Dakota. She had in her employ at that time, one Lorenzo Anderson, who was the manager of said store, and one Julian Breua who was employed to drive the truck and deliver groceries to the customers of the said store.

According to the testimony of Julian Breua, on the evening of March seventh while visiting one Norma Morrow, a school girl, he made arrangements to take her at the noon hour the next day to the school a little more than twenty-seven blocks from the store and in North Fargo. Having this in mind, he hurried home for luncheon on the eighth of March and was back at the store at twelve-thirty, his usual time to return being one o'clock. On his return to the store he asked the manager, Mr. Anderson, if he could use the car to take the girl Norma Morrow to the high school. Anderson told him that he could have the car and asked him to take some supplies to his, Anderson's home, first, which was about seven blocks from the store. Breua delivered the goods at Anderson's home and then drove to Norma Morrow's home where he found Norma Morrow sick and unable to go to school. Norma Morrow asked Breua to go and get Margaret Anderson (not related in any way to manager Anderson) and take her to school. Mrs. Morrow, Norma's mother, went along for the ride and Breua got Margaret Anderson and then started for the school twenty blocks north of manager Anderson's home and twenty-seven blocks north of the store where the accident

happened. At the place where the accident happened there was a large red truck on the west side of the street and on the opposite side of the street there was an Overland car belonging to Mrs. Carlson, mother of the plaintiff. Mrs. Carlson had driven to her sister's home, which was immediately east of the street where the accident happened, to take her sister to see a doctor, and while she was in the house making arrangements with the sister, her little boy five years old, the plaintiff, was playing across the street with other children around the big red truck which was parked on the west side of the street. Breua testified that as he came up the street going north about fifteen miles an hour he saw the children around the truck and he slowed down and honked his horn twice, and just as he got up even with the red truck the plaintiff darted out from behind the truck, and that it happened so quickly that it was impossible to avoid the accident. Mrs. Carlson and her sister both testified that they looked over just before the accident and they saw the little boy, the plaintiff, in front of the big red truck, that they did not see him when he was struck but they saw him when he was under the car. They further testified that the defendant's car was going twenty-five or thirty miles an hour, and that it went thirty-five or forty steps after the accident. Elmer Ross testified that the defendant's car was going fast.

Breua testified that after the accident he drove up to the curb and Mrs. Morrow and Margaret Anderson got out and that he then backed up and took the boy and his mother to the hospital. He is corroborated in his testimony by Margaret Anderson as to what took place at the time of the accident, that is, she testified that as they approached the red truck he slowed down and honked his horn twice, and that the boy darted out from behind the truck and the accident happened. He is corroborated also by Lorenzo Anderson who testified that when Breua returned to the store at twelve-thirty he asked him if he could use the car to take the girl to school and he told him that he could, but asked him to deliver some supplies at his house first which he wanted for lunch.

Defendant's store was in the residence district and the place where the accident happened was outside the zone or the locality in which defendant's customers lived. According to the testimony of Mrs. Carlson

there is a grocery store right in the neighborhood where the accident happened, in fact, less than a block from the scene of the accident.

After Breua left the store he was going away from defendant's store and according to all the testimony he had not reached the school when the accident happened, but was going away from the store and his work at that time. It was the first time that he used the car, or asked for the use of the car for himself.

Appellant specifies as error the following instruction; viz.:

"I charge you as to the employment of the man or the boy Julian Breua in the service of the defendant. If you find that he was regularly in the employ of the defendant as a delivery man, in charge of the automobile and under the direction of the man Anderson that has been testified to here, as well as under the direction of and orders of the defendant Mrs. Hoff, and that the man Anderson was regularly in the employ of the defendant Mrs. Hoff and representing her in the matter of the control of Julian Breua and the truck he was driving, and you find that he went out and delivered some groceries to Anderson's place and at the time or just before he went out, that he asked permission to take the girls that have been testified to here to school, and the man Anderson consented that he might do so, after delivering his groceries, and if you find further that Julian Breua went out in addition for the purpose of continuing the business of delivering groceries in the afternoon, after delivering or taking the girls to school as he intended, and that after the accident he continued on, after the delivery of the boy to the hospital, and came back to the defendant's store and continued his business of the delivering of groceries and running the truck in the afternoon, then I charge you that Julian Breua was in the employ of the defendant, and if the accident and injury was caused by the negligence and carelessness of Julian Breua, it would be in law negligence and carelessness of the defendant Mrs. Hoff, and the plaintiff would be entitled to recover."

This instruction says in effect, that if Julian Breua was regularly in the employ of the defendant as a delivery man in charge of the automobile, and that he asked permission to take the girls to school and Anderson consented that he might do so after delivering his groceries, and that after taking the girls to school, and delivering the groceries and delivering the boy to the hospital he came back to the defendant's

store and continued his business of delivering groceries and running the truck in the afternoon, then Julian Breua was in the employ of the defendant, and if the accident and injury were caused by the negligence of Julian Breua, it would be in law negligence and carelessness of the defendant Mrs. Hoff, and the plaintiff would be entitled to recover. This instruction is clearly wrong, and the jury could only find for the plaintiff even under the defendant's testimony if they found that Julian Breua was negligent.

It is well settled, that before the plaintiff is entitled to a verdict in such an action, he must prove that the driver was acting in the scope of his employment at the time of the accident. If Julian Breua was out on an errand for himself at the time of the accident, then he was not acting in the scope of his employment and the defendant would not be liable. The only thing in this case against the defendant, Mrs. Hoff, is the inference arising out of the fact that she was the owner of the truck, and that Julian Breua was in her general employ as a driver of the truck in the delivery of groceries and from which facts the jury might infer that he was acting in the scope of his employment at the time of the accident. But this is a disputable inference, and against it there is the testimony of Anderson, of Julian Breua, Margaret Anderson and the physical facts that he was away out of the territory in which he delivered groceries, and going away from the store and his work at the time of the accident.

In the case of Clark v. Feldman, 57 N. D. 741, 224 N. W. 167, the driver of the truck was within a block of the master's place of business and was driving directly there.

In the case of Hedine v. Meyer, 57 N. D. 908, 224 N. W. 906, the truck driver at the time of the accident was driving in the neighborhood where it was customary for him to deliver laundry, and he had laundry in the truck at the time of the accident. He had no specific time for his work but had the right to take the truck and deliver, or collect laundry after hours or at any time. Two witnesses testified that the driver told them in front of the Leland Parker Hotel in Minot, that he "was sure on duty at the time of the accident and that he had some bundles to deliver."

In a personal injury case, when it appears from the evidence that the truck was owner by the defendant and was operated by one who

was employed for the special purpose, and in the manner in which such trucks are usually operated the jury may, or may not, infer from such facts, that the agent was acting within the scope of his employment at the time of the injury, and whether such inference shall be drawn from the facts proven and the sufficiency and credibility of the testimony to overcome the inference are questions for the jury.

Judgment reversed and a new trial ordered with costs to appellant.

CHRISTIANSON, BIRDZELL, NUESSLE, and BURR, JJ., concur.