### DEALER'S TRANSPORT CO. v. REESE.
### CLARK v. SAME.
#### No. 10759.

Circuit Court of Appeals, Fifth Circuit.

Nov. 12, 1943.

Rehearing Denied Dec. 15, 1943.

D. M. Powell, of Greenville, Ala., for appellants.

Richard T. Rives, of Montgomery, Ala., and Carlton L. Perdue, of Hayneville, Ala., for appellees.

Before SIBLEY, McCORD, and WALLER, Circuit Judges.

WALLER, Circuit Judge.

Dealer's Transport Company, an Illinois corporation, hereinafter referred to as "the Corporation", is engaged chiefly in the business of transporting motor vehicles from factories to dealers. While engaged in transporting trucks belonging to the United States Army, as an agent of the Corporation, the co-appellant, James Olan Clark, drove one of the trucks against a wagon on a public highway of the State of Alabama, causing injury to one, and the death of two, occupants of the wagon. Trial in the court below resulted in verdicts and judgments against the appellants, from one of which appeal is prosecuted.

We have been furnished with briefs in large number and length, but the only substantial issue of law is whether or not the lower court committed error in overruling the corporate appellant's motion to quash the process.

Corporate defendant was served with process under Section 199, Title 7, of the Alabama Code, which purports to authorize constructive service upon the Secretary of State for non-resident owners or operators of a motor vehicle on the public highways of Alabama in any action growing out of any accident or collision upon the public highway, etc. The pertinent part of the statute is as follows: "The operation by a nonresident of a motor vehicle on a public highway in this state (or the operation on a public highway in this state of a motor vehicle owned by any nonresident and being operated by such nonresident, or his, their or its agent) shall be deemed equivalent to an appointment by such nonresident of the secretary of state of the State of Alabama, or his successor in office, to be such nonresident's true and lawful agent or attorney upon whom may be served the summons and complaint in any action against such nonresident growing out of any accident or collision in which such nonresident may be involved while operating a motor vehicle on such public highway; or in which such motor vehicle may be involved while being operated on such public highway within the State of Alabama." (Parentheses added by the Court for simplification of discussion.)

In support of the motion to set aside or quash the process against the Corporation, it was urged, that the Corporation had not qualified to do business in the State of Alabama and had no agent in Alabama upon whom process could be served; that at the time of the accident the corporate defendant was not personally operating the truck which was alleged to have caused the injuries; that the truck in question was the property of the United States Government; that said defendant was not the owner of the truck and was not at the said time operating the truck as owner, either personally or by its agent, and the statute was not sufficiently broad to authorize service on the Corporation.

Defendant Clark was an employee of the Corporation and was the driver of the Army truck which produced the injuries. Several trucks were being driven by employees of the Corporation from Ft. McPherson, Georgia, to New Orleans, Louisiana, at the employment and instance of the Army and for redelivery at New Orleans to the Army, and were the property of the United States. The Corporation, for a consideration, and as a common carrier, was transporting the trucks as a part of its usual course of business and within its corporate powers. The driver of the truck was in and about the business of the Corporation at the time of the collision.

640

Under the motion to quash process the lower court was, and this court now is, called upon to decide whether or not the Alabama statute was broad enough to authorize such constructive service on the Corporation. We think it was.

█ By treating the disjunctive, or second, phrase, parenthetically, the statute may be read substantially as follows: "The operation by a nonresident of a motor vehicle on a public highway in this state, (* * *) shall be deemed equivalent to an appointment by such nonresident of the secretary of state of the State of Alabama, * * * to be such nonresident's true and lawful agent or attorney upon whom may be served the summons and complaint * * *."

But, it is contended that the disjunctive phrase "or the operation on a public highway in this state of a motor vehicle owned by any nonresident and being operated by such nonresident, or his, their or its agent", cannot be considered parenthetically, but that it is in qualification or limitation of the first phrase which states that the operation by a non-resident of a motor vehicle shall be deemed sufficient to constitute an appointment of the Secretary of State as agent for the service of process. We think that the phrase is disjunctive and parenthetical and is not in limitation of the first phrase in the matter of substituted service on a corporation, nor do we deem it necessary to construe and apply the disjunctive phrase in connection with service under the act on a non-resident corporation, because the first phrase in the act thoroughly covers the operation of a motor vehicle by a corporation which can only operate a vehicle through an agent. There exists no necessity nor purpose in the disjunctive phrase "or the operation * * * of a motor vehicle owned by any nonresident and being operated by (such nonresident), or his, their or its agent", of the words "such nonresident" which we place in parentheses. Those words appear to be surplusage in view of the language of the first phrase which establishes the operation by a non-resident of a motor vehicle on the highway as an act of appointment of the Secretary of State as his agent. The evident purpose of the disjunctive phrase was to provide that in addition to the personal operation by the owner, the operation by an agent would bring the statute into operation. The test

is operation—not ownership. It is significant, too, that the statute does not require that the agent be operating the vehicle in and about the owner's business in order that such process may be used. The statute makes the operation of an automobile by a non-resident on a public highway sufficient to support constructive service, but the owner is subject to such process even if the motor vehicle is not operated by him but is operated by his agent, whether in and about the business of the owner or not.

█ It is the law of Alabama that an owner of an automobile is not liable for the negligent acts of his agent unless such agent were in and about the business of the master,[1] but the statute under consideration authorizes the service upon the non-resident, if the car was being driven by his agent, without requiring that the agent be in and about the business of the non-resident owner. The question of liability vel non is not required to be determined in advance in order to obtain process, but will be determined as all other questions of liability are determined in subsequent proceedings after the parties are before the court.

█ It is the duty of the court to reconcile asserted ambiguities, if possible, and to give effect to all parts of a statute so as to effectuate the intent and purpose of the Legislature. We think that the above construction does this, and that the intent, purpose, and effect of the second, or disjunctive, phrase is not to limit the operation of the act solely to the owner, or to the owner who is personally operating the vehicle, but is also to authorize service on a non-resident owner even when the car is being driven by his agent without the necessity of plaintiff being required to allege, or prove, for the purpose of service, that the agent was about the business of such owner.

█ There can be no doubt that the Dealer's Transport Company was a non-resident and was operating a motor vehicle on the public highway in Alabama when the collision occurred within the wording and intent of the first phrase of the act, and that a reasonable construction of the second phrase does not require the holding that it was in limitation of the first phrase. That a corporation can be a resident or non-resident is not open to controversy, nor is the proposition that a corporation can

[1] Perfection Mattress & Spring Co. v. Windham, 236 Ala. 239, 182 So. 6.

operate a motor vehicle only by its agent open to dispute. The corporate defendant was operating the truck that caused the damage. There was no error in overruling the motion to quash, or set aside, the process.

The argument that the defendants were engaged in work in aid of winning the war, and, therefore, immune from penalty or process, finds its support only in the patriotic impulses of the human heart but not in statute or precedent. Even a soldier, be he ever so vital to the Army, is not immune from either civil or criminal process.

An isolated and casual instance of the driving by a corporation of a motor vehicle through the state in interstate commerce is not "engaging in business in Alabama" within the purview of Section 232 of the Constitution of Alabama, and said section would have no application to service of process upon a corporation which is not doing business in Alabama.

The contention that the verdicts are excessive is a problem wholly for the jury and the court below. The other specifications of error are without merit. The negligence of the defendants was abundantly proven.

The judgment is affirmed.