**POE MOTOR CO. et al. v. MARTIN et ux.**

**No. 2567.**

Court of Civil Appeals of Texas. Eastland.

Feb. 14, 1947.

Rehearing Denied March 7, 1947.

Crowley, Gambill & Smith, of Fort Worth, for appellants.

Bouldin & Bouldin, of Mineral Wells, for appellees.

GRAY, Justice.

This is an appeal from an order of the District Court of Palo Pinto County, Texas, overruling certain pleas of privilege. The plaintiffs were E. A. Martin and wife, Mrs. Virgie Martin, and the defendants were Poe Motor Company, alleged to be a partnership composed of E. A. Poe, A. B. Poe, Sr., and A. B. Poe, Jr., as co-partners and individuals, and also Joel Clarence Minyard. All defendants, except Minyard, filed pleas of privilege. The suit was for damages alleged to have resulted from a collision of two trucks owned by the Poes and operated by defendant Minyard, with a passenger car owned by Mrs. Virgie Martin, but being driven by her son Phil Acton Martin on State Highway No. 281, about eight miles south of Mineral Wells, in Palo Pinto County, in which collision, said Phil Acton Martin was killed and said passenger car demolished.

The pleading and facts disclose that Poe Motor Company had purchased a number of trucks from the government at Fort Sill, Oklahoma, and were having them driven and towed to San Antonio, Texas, for resale. The route was over State Highway 281, which passes through Palo Pinto County, Texas, and through Mineral Wells in said county; that some of said trucks passed through Mineral Wells early on the night of September 15, 1945, and one of said trucks, which towed another, was being driven by defendant Joel Clarence Min-

yard, alleged to be the agent and employee of Poe Motor Company. The collision occurred some eight miles south of Mineral Wells, but the exact time was not proven. Plaintiffs alleged that the deceased, Phil Acton Martin was traveling north, said truck traveling south, and that the collision occurred well over on the east side of the center of the highway, which was alleged to be negligence on the part of Minyard, driver of the truck.

Plaintiffs pleaded a trespass by defendants and sought to maintain venue in Palo Pinto County under Exception 9, Article 1995, Revised Civil Statutes. In said pleas of privilege, defendant E. A. Poe alleged his residence to be in Bexar County, Texas; defendants A. B. Poe, Sr., and A. B. Poe, Jr., alleged their residences to be in El Paso County, Texas, and defendant Poe Motor Company alleged that venue as to it was to be determined by the residence of the individual defendants. Said pleas were all controverted. The trial was to a jury, and three issues were submitted by the court, the jury finding as follows: (1) that at the time and immediately prior to the said collision, Joel Clarence Minyard was operating the truck he was driving to the left of the center of the highway; (2) that operating said truck to the left of the center of said highway was negligence; (3) that such negligence was the proximate cause of the collision. Based upon said jury findings, together with certain stipulations and admissions under Rule 169, Texas Rules of Civil Procedure, the court overruled said pleas of privilege, from which order this appeal resulted.

Upon trial of the case, the court permitted plaintiffs' counsel to read as evidence to the jury the original petition and controverting affidavits, to which defendants strenuously objected. Plaintiffs' counsel in reply stated that the petition was offered to show the cause of action, and the controverting affidavits, which referred to and made the petition a part thereof, were in reply to the pleas of privilege. During the discussion plaintiffs' counsel said, "We read it as facts set up on this hearing"; also, "It is a part of our cause of action". When the petition had been read to the jury,

counsel for appellant renewed his objection and moved the court to strike the same and instruct the jury not to consider the petition for any purpose, which the court declined to do and exception was reserved. The asserted error of the trial court in permitting said pleadings and controverting affidavits, duly verified, to be admitted as evidence is the basis of appellants' first point.

That the pleadings are the best evidence of the nature of the cause of action is so well established that citation of authorities would seem superfluous. But it is equally well established that in a proceeding to determine venue, the allegations of the petition are not admissible as proof of venue facts. In other words, the pleadings and controverting affidavits are for the court, who must determine the sufficiency of said instruments, and thereby be advised as to the nature of the cause of action, after which, they form a basis for the introduction of evidence as to venue facts. Of course, under some exceptions to Art. 1995 the "nature of the cause of action" is a venue issue, and plaintiffs' pleadings are the best evidence thereof. But under exception 9, the nature of the cause of action is not a venue issue, and plaintiffs' pleadings are not admissible. See Compton v. Elliott, 126 Tex. 232, 88 S.W.2d 91; Blanton v. Garrett, Tex.Civ.App., 124 S.W.2d 451; A. H. Belo Corp. v. Blanton, Tex.Civ.App., 126 S.W.2d 1015. Since this hearing was on a venue question alone, the pleadings should not have been read as evidence to the jury. Its function was to make findings on such issues of fact as might be submitted by the court. The jury was not instructed that they could not consider the pleadings and controverting affidavits for any purpose. Proof of the essential venue facts rested on circumstantial evidence because plaintiffs had no eyewitness to the alleged trespass. We are not advised to what extent, if any, the jury considered the pleadings as proof of venue facts, but same having been read to them as evidence and not having been instructed not to consider them, we cannot say that their introduction was not prejudicial. Quite a different situation would have been presented had the hearing been before the court without a jury, in which event, we could have presumed that the court disregarded evidence not pertinent or material. Furthermore, a different situation would confront us had not appellants made timely objection to admission in evidence of the petition and controverting affidavits. Goodrum v. Hobbs, Tex.Civ.App., 60 S.W.2d 298. Under such circumstances, and with plaintiffs' counsel contending in the presence of the jury that plaintiffs' pleadings were admissible to show plaintiffs' cause of action, to admit them in evidence over defendants' objection that they were not admissible to show plaintiffs' cause of action or for any purpose was calculated to cause the jury to believe that they could consider plaintiffs' verified pleadings as evidence of the facts alleged and probably caused injury to defendants.

The assignment is sustained.

Appellants' twenty-second point is as follows: "There was reversible error in that the pleas of privilege were overruled upon the basis that Minyard was an agent of the other defendants and acting in the scope of his employment, but it was not established as a matter of law that Minyard was such agent and there is no jury finding that he was."

To sustain venue of the case under review in Palo Pinto County, Texas, in addition to certain stipulations and admissions, it was necessary for plaintiffs to show three things: (1) that the act of Minyard constituted a trespass; (2) that he was the agent of the other defendants; and (3) that when he committed it he was acting in the course of his employment as such agent. Brown Express, Inc. v. Arnold et ux, 138 Tex. 70, 157 S.W.2d 138; Compton v. Elliott, 126 Tex. 232, 88 S.W.2d 91; Longhorn Drilling Corporation v. Padilla, Tex.Civ.App., 138 S.W.2d 164. They constituted venue facts which must have been affirmatively found by the jury. It had previously been admitted that on September 15, 1945, the date of said collision, Minyard was employed by the other defendants; that said truck collided with an automobile driven by Phil Acton Martin, in Palo Pinto County, Texas, several miles south of Mineral Wells in said county; and that it was being operated by said Minyard at said time

while so employed. The jury found that Minyard was operating said truck on the left side of the center of the highway, which was negligence and proximate cause. This established the fact of trespass. The court evidently concluded that as a matter of law, the fact that Minyard was in the employment of the other defendants at said time, he was their agent and acting in the scope of his employment. Appellants take the position that such admitted facts did not exclude the idea that Minyard may have been an independent contractor. In this contention they are supported by the refusal of appellants to admit that Minyard was their agent and acting within the scope of his employment. It is true that under numerous authorities such as Weber v. Reagan, Tex.Civ.App., 91 S.W.2d 409, and Broaddus v. Long, 135 Tex. 353, 138 S.W. 2d 1057, when it has been proven that the defendant owned the offending vehicle, and that same was being operated at the time by defendant's employee, a presumption arises that such employee was acting within the scope of his employment, and that in such case it then becomes incumbent on the defendant to rebut the presumption. If not rebutted, the jury would seem to be justified in finding as a fact that the driver was acting within the scope of his employment. But we think that the presumption was not conclusive as a matter of law. See Mitchell v. Gibson et al., Tex.Civ.App., 160 S.W.2d 79, by this court. The presumption does not remove the matter from the domain of the jury. The question as to whether or not Minyard was acting within the scope of his employment at the time of the collision was a venue fact to be found by the jury. Brown Express, Inc. v. Arnold et ux., 138 Tex. 70, 157 S.W.2d 138, and authorities cited. This essential venue fact was not found by the jury. See Longhorn Drilling Corporation v. Padilla, Tex.Civ.App., 138 S.W.2d 164.

This assignment is sustained.

Other alleged errors are assigned, but they need not arise upon another trial of the case.

For the errors discussed, the order of the trial court overruling said pleas of privilege is reversed and the cause is remanded.