**TANKSLEY et al. v. DODGE et al.**

**No. 12657.**

United States Court of Appeals
Fifth Circuit.

April 28, 1950.

Rehearing Denied July 5, 1950.

Ross R. Barnett, Jackson, Miss., Clarence Morgan, Kosciusko, Miss., for appellant.

P. H. Eager, Jr., Jackson, Miss., C. B. Snow, Jackson, Miss., for appellee.

Before HUTCHESON, Chief Judge, and McCORD and RUSSELL, Circuit Judges.

RUSSELL, Circuit Judge.

Determination of the appeal in this case requires that we construe and apply § 61 of Chapter 266 of the General Laws of Mississippi of 1946, Mississippi Code 1942 Ann., 1948 Supp. § 9352—01 et seq., particularly subsection 61.[1] This we must do without the assistance of any decision of the Mississippi courts, for none dealing with the section have been cited or discovered.

1. "Nonresident—agent for process.—The acceptance by a nonresident of the rights and privileges conferred by the provisions of this act, as evidenced by his operating a motor vehicle thereunder, or the operation by a nonresident of a

In the present case Mrs. Tanksley instituted a suit for damages for the death of her husband alleged to have been inflicted by the negligent operation on the highways of Mississippi of an automobile tow of two cars by an agent and employee of defendant Dodge in furtherance of his business. By an amended complaint the same cause was asserted against both the original defendant Earl Dodge, and adding the defendant H. L. Cochran and alleging that the automobiles in question were owned by Earl Dodge and driven by his agent and servant and alleging that Dodge, a resident of and in business in Louisiana, had bought the automobiles involved in the negligent homicide, from Cochran, a resident of and living in Tennessee, and that the delivery of the cars was the engagement by the defendants in a joint enterprise consisting of the delivery of the cars to Dodge the owner, and on Cochran's part, the receipt by the driver of the delivery of the bills of sale and the receipt of the purchase money. Six additional counts were added, alleging stated additional theories to support the contention that the defendants could not avoid liability for the negligence of the driver of the automobile involved in the collision by proof that the driver was an independent contractor. The existence of this relationship, as not subjecting the defendants to service under the statute, was the basis of their several motions to quash the summons.

By evidence introduced upon the hearing of the motions to quash, the plaintiff sought to establish that the driver was the agent and servant of the defendants. In opposition thereto, the defendants contended that the driver was an independent contractor. The defendant Cochran also contended that in any event he was not concerned in the matter, since the evidence showed that his connection with the transaction terminated when he completed the sale to Dodge in a telephone conversation between them and obtained drivers to deliver the automobiles to Dodge in Louisiana. It is conceded that Dodge was the owner of the automobile at the time of the collision.

The trial Court sustained the motions to quash and dismissed the complaint "for lack of jurisdiction over the person, but without prejudice to plaintiff's rights." Appellant here contends that the evidence showed the relationship of master and servant, or at least of principal and agent, existing between the defendants and the driver of the automobile involved. The appellees assert first that the terms of the Mississippi statute are not sufficiently broad to subject even the nonresident master of a servant driving the car on the Mississippi highways, being restricted only to the person actually driving the car and, secondly, that even the broadest possible application of the statute would not reach the engager of an independent contractor to transport an automobile through the State.

■ Statutes of general import similar to the Mississippi statute have been frequently before other Courts. The precise language and context of the statutes vary from state to state. This has properly resulted in differing adjudications. We apply the Mississippi statute in the light of the language of § 61, the statutory context of the section, and the manifest purpose of the statute to subject nonresident users of the highways of Mississippi to the jurisdiction of the local court for the trial and possible enforcement of claims for damages asserted by local citizens.

■ Determination of questions of possible ultimate liability to respond in damages is not now necessary. The statute

motor vehicle on any public street, road or highway in this state other than under said act, shall be deemed equivalent to an appointment by such nonresident of the secretary of state of Mississippi to be his true and lawful attorney, upon whom may be served all lawful processes or summons in any action or proceeding against him, growing out of any accident or collision in which said nonresident may be involved while operating a motor vehicle on such street, road or highway, and said acceptance or operation shall be a signification of his agreement that any such process or summons against him which is so served shall be of the same legal force and validity as if served on him personally." The remaining provisions of the section are not here material.

928

here involved does not purport to deal with the question of ultimate liability. Its purpose is to subject to the jurisdiction of the Mississippi courts nonresidents concerned in the operation of automobiles within the State within the terms of the statute, so that its citizens may assert as against such persons their claims in local courts, so that thereby the question of actual liability may be determined. Stated otherwise, the purpose of the statute is to afford a means of acquiring jurisdiction against nonresident operators whose use of Mississippi highways is such as comes within the terms of the statute. Upon consideration of a motion to quash service of summons in such an instance the question is whether the allegations of the complaint and the facts of the case as disclosed show that the defendant brought before the Court is such a defendant as is subjected by the statute to *substituted service of process*. If so, questions of actual liability are required to be determined by other and further proceedings.

The statute in question is one of the provisions contained in a comprehensive statutory regulation of the registration, taxation and manner of permitted operation of motor vehicles on the streets and highways of Mississippi. The Act makes provision for registration and taxation of motor vehicles operated by nonresidents in classifications of carriers of property, and common and contract carriers of passengers, upon the securing of permits and the payment of specified fees. Words and phrases used in the Act are therein defined. "Operator" is "any person, partnership, joint stock company or corporation operating on the public highways of the state one or more motor vehicles as the beneficial owner or lessee." The term "owner" is likewise defined by the statute.[2] "Driver" is defined as "the person actually driving

or operating such motor vehicle at any given time." It will be observed that a distinction is made between "operator" and "driver". The operator is recognized to be the owner operating the motor vehicle, and while the driver is recognized as also operating, he is the person actually driving at any given time. In the provision of § 61 we observe two classes of nonresidents made subject to the provision for substituted service. The first is those who have accepted the rights and privileges conferred by the provisions of the Act, (we have referred to some of these), which acceptance is evidenced by "operating" a motor vehicle under the terms of and in accordance with the statute as a whole. The second class is the operation by a nonresident of a motor vehicle "other than under said act." The word "operation" in either case has the same meaning, and includes all means and extent of use of the highways of Mississippi which nonresidents may acquire under the terms of the statute, and also any similar manner of use even though the privilege be not obtained precisely in accordance with the general statutory provisions. It therefore, as a basis of acquiring jurisdiction, brings within its reach a nonresident owner in whose behalf the motor vehicle is driven over the Mississippi highways. "Operation" and "operating" are extended by definition to include the owner of a motor vehicle in whose behalf it is operated on the highways of Mississippi. The statute is predicated upon the use of such highways by a nonresident, and the phrase "operation by a nonresident of a motor vehicle," includes use of the highways by an owner as the means of conveyance for his automobile. Both such an owner and the person actually operating the motor vehicle at any given time are clearly within the terms of the statute.

2. "Owner. A person who holds the legal title of a vehicle, or in the event a vehicle is the subject of an agreement for the conditional sale, lease or transfer of the possession, howsoever, thereof, with the right of purchase upon performance of conditions stated in the agreement, and with an immediate right of possession vested in the conditional vendee, lessee, possessor, or, in the event such or similar transaction is had by means of a mortgage, and the mortgagor of a vehicle is entitled to possession, then such conditional vendee, lessee, possessor or mortgagor shall be deemed the owner for the purpose of this act." 1948 Supp.Miss.Code of 1942, Ann. § 9352—02 (15).

We conclude therefore that a nonresident owner of an automobile who operates, or causes it to be operated, over the highways of the State of Mississippi subjects himself, within the terms of the statute, to service of process which is sufficient to require him to defend a suit upon the merits. It was therefore error to quash the service of summons upon the defendant Dodge.

We are of the opinion, however, that the service upon the defendant Cochran was properly quashed. Under the evidence presented to the Court it is clear that the sale of the car to Dodge had been completed in Tennessee, and Cochran's sole connection was in securing, as the agent of Dodge, of drivers to make delivery of the cars which Dodge had bought. Cochran was therefore neither an operator nor driver within the terms of the statute. Consequently, the final order of the Court dismissing the complaint for want of jurisdiction over the person of the defendant Cochran, is affirmed, and the same order as to the defendant Dodge, is reversed.