James WAGNER et al., Appellants,

v.

Robert F. EMMETT, Appellee.

James WAGNER et al., Appellants,

v.

Jerry REYNOLDS, By and Through a Friend, Minnie Emmett, Appellee.

Court of Appeals of Kentucky.

May 27, 1955.

Carroll M. Redford, Glasgow, for appellants.

Cecil C. Wilson, Glasgow, David Martin, Franklin, for appellees.

CULLEN, Commissioner.

As a result of a collision between an automobile driven by Robert F. Emmett and a pickup truck driven by James Wagner, actions were instituted by Emmett, and by Jerry Reynolds, a passenger in the Emmett car, against Wagner, Porter McCoy, Virgil McCoy and the McCoy Motor Company. In his action, Emmett sought damages for personal injuries and further sought damages for wrongful detention or conversion of his automobile, and some carpenter tools in the automobile, following the accident. Reynolds sued only for personal injuries. Virgil McCoy counterclaimed for damages to the pickup truck, which was owned by him.

Recovery against Virgil McCoy and the McCoy Motor Company, on the personal injury claims, was sought on the basis that Wagner was their employe. The only basis asserted for any recovery against Porter McCoy was that he participated in the detention or conversion of Emmett's car and tools.

The actions were tried together, and were submitted to a jury. In Emmett's action for personal injuries, in which Virgil McCoy's counterclaim was asserted, the jury found that both Wagner and Emmett were negligent, and that neither party should recover. On Emmett's claim for conversion of his car and tools, the jury returned a verdict for him in the amount of $400. In Reynold's action for personal injuries, the jury

returned a verdict in his favor in the amount of $8,000.

On the $400 verdict, judgment was entered against Porter McCoy and Virgil McCoy only. No judgment was entered against Wagner, because it appeared that he had not participated in the alleged conversion and the court had given a peremptory instruction to find for him on the conversion claim. No judgment was entered against the McCoy Motor Company, because it was no more than a name under which Virgil McCoy did business.

On the $8,000 verdict, judgment was entered against Wagner and Virgil McCoy only. There was no judgment against Porter McCoy, because of a stipulation that he had no liability as concerned the collision. There was no judgment against the McCoy Motor Company, for the reason indicated in the preceding paragraph of this opinion.

Wagner, Porter McCoy, Virgil McCoy and the McCoy Motor Company all have appealed from the judgment on the $8,000 verdict, and have moved for an appeal from the judgment on the $400 verdict. The appellees have moved to dismiss the appeal of McCoy Motor Company and Porter McCoy from the $8,000 judgment, and to dismiss the motion of the McCoy Motor Company and Wagner for an appeal from the $400 judgment, on the ground that there was no judgment against them from which they could appeal. The motion of the appellees is well taken, and is sustained.

We are left with the motion of Porter McCoy and Virgil McCoy for an appeal from the $400 judgment, and the appeal of Wagner and Virgil McCoy from the $8,000 judgment.

The appellant Virgil McCoy seems to make no complaint of the fact that the jury found against him on his counterclaim against Emmett, for damages to the pickup truck. His only complaint (in which he is joined by Wagner and Porter McCoy) concerning the disposition of the claim of Emmett for personal injuries is that the court should have found Emmett guilty of con-

tributory negligence as a matter of law, rather than letting the question go to the jury. The contention is that the erroneous submission of this question to the jury caused confusion in the minds of the jurors, and misled them concerning the issues in the Reynolds case.

We think it unnecessary to pass on the question of whether the failure of the court to direct a verdict against the plaintiff could be prejudicial to the defendant where the jury on its own initiative has returned a verdict against the plaintiff, because we think the court did not err here in refusing to direct a verdict against Emmett. His testimony that he stopped at the intersection, looked to the south for a distance of 200 feet and did not see any approaching vehicle, does not convict him of contributory negligence as a matter of law, in view of the evidence that the defendant's truck, which approached from the south and struck his car when he was more than half way through the intersection, was traveling at a speed of 50 miles per hour. At this speed, the truck could have traveled more than 200 feet in the time it took for the plaintiff to get his car in motion and across the intersection.

As concerns the $400 judgment for conversion of Emmett's car and tools, the contention of the McCoys is that the court erred in not instructing on their right to hold the car, under a mechanic's lien, for towing and storage charges. A brief review of the evidence is called for.

After the collision, which occurred on a Saturday morning, Emmett's car was towed to the McCoy Motor Company garage, by a wrecker from another garage. It appears that Emmett consented to this as a result of a demand by the police that the street be cleared of the damaged vehicles. That afternoon, Emmett went to the garage to get his car, and the McCoys refused to let him remove it. He then asked for his carpenter's tools, which were in the car, and the McCoys would not permit him to take them. The McCoys did not at that time demand payment of towing or storage charges, and did not give as a reason for

holding the car and tools the failure of Emmett to pay such charges. The following Tuesday Emmett again went to the garage, with his attorney, and again was forbidden to take his car and tools. No mention was made by the McCoys, on this occasion, of any towing or storage charges.

We think the evidence shows clearly that the McCoys were not asserting a mechanic's lien as their reason for holding the car and tools, but rather were attempting to hold them as security for the damages to their truck in the collision. It is very doubtful whether they were entitled to any claim for towing or storage when Emmett first demanded his car, because the towing had been done by another garage and the car had been in the McCoy garage only a matter of a few hours. There also is a serious doubt whether the statute, KRS 376.-260, authorizes a lien merely for towing and storage. In any event, under no circumstances were the McCoys entitled to a lien on the *tools*.

Under the evidence, it is our opinion that the McCoys were not entitled to an instruction on the theory of a mechanic's lien.

We find no error with respect to the $400 judgment.

As concerns the $8,000 judgment, in favor of Reynolds, several grounds of error are asserted.

It is first contended that there should have been a directed verdict against the plaintiff, Reynolds. This is on the theory, previously discussed, that the driver of the Emmett automobile was contributorily negligent as a matter of law. However, even if such contributory negligence should be assumed, it would not be imputable to the passenger, and there was ample evidence of negligence on the part of Wagner. Therefore, there was no basis for a directed verdict against Reynolds.

A second contention is that there was no proof that Wagner was acting in the scope of his employment at the time of the accident, so as to impose liability upon his employer, Virgil McCoy. Prob-

ably a sufficient answer to this contention is found in the fact that the parties stipulated that "at the time and place" of the accident Wagner was the agent and employe of McCoy. If this should not be considered sufficient, there is the further fact that Wagner was driving a commercial vehicle owned by his employer, which would give rise to a presumption that he was in the scope of his employment. See Union Transfer & Storage Co. v. Fryman's Adm'r, 304 Ky. 422, 200 S.W.2d 953; Rawlings v. Clay Motor Co., 287 Ky. 604, 154 S.W.2d 711.

Complaint of a general nature is made concerning the instructions. We have examined the instructions and are of the opinion that they adequately and fairly presented the issues.

■ When the case was called for trial, the defendants moved for a continuance on the ground of the absence of a material witness, one Terry Doyle, a police officer. The plaintiff consented to the reading of Virgil McCoy's affidavit as to what Doyle's testimony would be, and the motion for continuance was overruled. Upon the trial, the court permitted all of the affidavit to be read, except one paragraph, in which it was averred Doyle would testify, among other things, that the Wagner truck had the right of way. The appellants contend it was error to exclude this paragraph. Upon examining the affidavit we find that everything in the excluded paragraph, except the one statement about the right of way, was repeated in other portions of the affidavit and thus reached the jury. The statement concerning the right of way was a mere conclusion, and it was not error to exclude it.

■ The final contention, which we believe must be sustained, is that the attorney for Reynolds, in his closing argument, committed prejudicial error in referring several times to the Doyle affidavit as being merely Virgil McCoy's version of what Doyle would say, and in stating that the plaintiffs "had to admit" the affidavit or they would not get the law suit tried. This kind of argument repeatedly has been con-

demned by this Court, and the making of the argument in this case clearly constituted prejudicial error. Madisonville H. & E. R. Co. v. Allen, 152 Ky. 706, 154 S.W. 5; Gunterman v. Cleaver, 204 Ky. 62, 263 S.W. 683; Whittaker v. Thornberry, 306 Ky. 830, 209 S.W.2d 498, 501.

The only difficulty we have in holding that the argument constitutes reversible error lies in the fact that the record is not clear as to whether the defendants made timely and adequate objection to the argument. The transcript of evidence does not show that any objection was made to the argument, but two orders, both dated a few days after the trial, were made to supplement the record on this point. One of these orders recites that the defendants' counsel made objection to the argument, and moved the court to admonish the jury, and the objection and motion were overruled, "to which the defendants objected and excepted." The other order, dated the same day, recites that the defendants' counsel approached the bench and objected to the argument and moved for an admonishment, out of the hearing of the plaintiff's counsel, and the court declined to rule on the objection and motion.

We have held that it is not sufficient merely to object to an improper argument, but that counsel must insist upon a ruling on his objection, and the objection must be so made as to give opposing counsel an opportunity to learn of it. Greathouse v. Mitchell, Ky., 249 S.W.2d 738; Prichard v. Kitchen, Ky., 242 S.W.2d 988. Accordingly, if the second order above mentioned should be accepted as conclusive, we would be compelled to hold that the objection was not adequate.

In view of the confusion in the record as to what actually did transpire, and in view of the fact that we are reluctant to deny a remedy for the wholly unwarranted and inexcusable argument made by the plaintiff's counsel, we will cast the doubt in favor of the order in which it is recited that objection was made in due course and was overruled. We therefore hold that the argument constituted reversible error.

214

We perhaps should point out that although the actions of Emmett and Reynolds were tried together, the improper argument could not have been prejudicial to the defendants as respects the claims of Emmett, because the jury found against Emmett on his personal injury claim, and the affidavit of Doyle, to which the argument referred, had no bearing on the conversion claim.

The motion for an appeal from the $400 judgment in favor of Emmett is overruled, and that judgment is affirmed. The judgment in favor of Reynolds is reversed, for proceedings in conformity with this opinion.