Sylvia AUSTINSON, Plaintiff and Appellant,

v.

Robert KILPATRICK and Shirriff's Limited,
Defendants and Respondents.
No. 7617.

Supreme Court of North Dakota.

April 11, 1957.

W. T. DePuy, Grafton, for appellant, Olson & Holmquist, Warren, Minn., of counsel.

Day, Stokes, Vaaler & Gillig, Grand Forks, for respondents.

GRIMSON, Chief Justice.

This is a suit against two nonresidents for damages resulting from a collision be-. tween a car, which one of them owned and the other was driving on North Dakota highways, and the car driven by the plaintiff's husband who died from the injuries received in the collision. Service of the summons and amended complaint was made upon the nonresident, Shirriff's Ltd. by the constructive service provided by Sec. 28-0611, 1953 Supp. NDRC 1943. Motion was made to quash that service of the amended summons and complaint upon the defendant, Shirriff's Ltd., which was granted. This appeal is from the order granting that motion.

A preliminary motion was made by the respondent for the dismissal of the appeal because of the delay on the part of plaintiff and appellant to serve and file a record of the case and to prosecute this appeal. The motion to quash was made on May 25, 1954. An order to quash the service was entered June 30, 1954 and served on opposing counsel July 23, 1954. The notice of appeal was served on the attorneys for the defendant August 23, 1954 and filed in the office of the clerk of court August 24, 1954. On Sept. 22, 1954, the court issued its certificate settling the statement of the case. On Feb. 25, 1956, defendants and appellants were advised by the clerk of the district court of Walsh County that the transcript, files and records were still on file in the office of the clerk of said court. Appellant's brief, together with a letter of transmittal was mailed June 26, 1956, and

received by the respondents on July 2, 1956. The files and records were filed in the office of the clerk of the Supreme Court on June 29, 1956.

There were no stipulations extending the time for taking any steps in the appeal. Respondents' attorneys, however, did not take any action nor make any motion for the dismissal of the appeal until the 25th day of June 1956.

Section 28-2706 NDRC 1943, provides that when an appeal has been perfected the clerk of the district court from which the appeal is taken, transmits the record to the supreme court at the expense of the appellant. It provides further:

"If the appellant, within thirty days after his appeal is perfected, does not cause a proper record in the case to be transmitted to the supreme court by the clerk of the district court, the respondent may cause such record to be transmitted by the clerk of the district court to the clerk of the supreme court, and in such case the respondent may recover the expense thereof as costs on such appeal in case the judgment or order appealed from is affirmed in whole or in part."

The appellant failed to have such record transmitted to the clerk of the supreme court within the thirty days. Both respondents and appellant were advised almost eighteen months after the filing of the appeal that the records were still in the clerk's office. Neither one of the parties took any action in the matter for almost four months after that. The notice of the motion to dismiss was not served on appellant's attorney until June 25, 1956, at about the time the files and records were transmitted to the office of the clerk of the supreme court. The respondents' attorneys could have had the records transmitted to the clerk of the supreme court more than twenty-one months before he made this motion if he had so desired and been anxious for a speedy determination of the matter. The respond-

ents by not taking action on their own acquiesced in the delay. Finally when the motion was made the records and files were in the office of the clerk of the supreme court and the matter was ready for argument and determination by this court. No prejudice to either party is shown. Hamre v. Senger, N.D., 79 N.W.2d 41.

In the case of Tripp v. Duane, 86 Cal. 149, 24 P. 867, the court, in passing on a motion to dismiss appeal where there had been delay on both sides, said:

"Both parties have been guilty of gross laches in the matter, and the court does not think that under all the circumstances it ought to allow one of the parties to take such advantage of the laches of the other as to cut her off from a hearing upon the merits, if she desires it, and will now prosecute the matter with due diligence. Present motion to dismiss will be denied." See also 17 Am.Jur. Dismissal and Continuance, Sec. 58, p. 88; 4 C.J. 583, 4 C.J.S. Appeal and Error, § 1359, p. 1964; Hamilton v. Kione-Benton Irr. Dist. 44 Wash.2d 421, 268 P.2d 446.

The same principle applies in the case at bar. The motion to dismiss the appeal is denied.

Now we return to the merits of the motion to quash. The record shows that the collision between the two motor vehicles occurred at the intersection of State Highways, No. 17 and No. 44 in Walsh County, North Dakota. The defendant, Kilpatrick, was a resident of Manitoba. The automobile he was driving was owned by Shirriff's Ltd., a foreign corporation. Within a few days this action was started, the summons and complaint were served upon Kilpatrick within the State of North Dakota, and an attempt to serve the Shirriff's Ltd., was also made by service upon Kilpatrick as its agent. The attorneys for Kilpatrick secured an order to show cause why that service should not be quashed as to Shirriff's Ltd. Before that order was argued the summons and com-

plaint were sent to the Sheriff of Burleigh County for service upon the State Highway Commissioner as attorney-in-fact for Shirriff's Ltd. in pursuance to Section 28–0611, 1953 Supp. NDRC 1943. The sheriff made such service on the highway commissioner on May 18, 1954, and on May 24, 1954, copy of the summons and amended complaint were sent by registered mail to Shirriff's Ltd. and received by it May 25, 1954.

The order to show cause had been set for hearing on May 25, 1954. The attorneys for Shirriff's Ltd., appearing specially, were then informed of the substituted service on Shirriff's Ltd. by service on the highway commissioner. By stipulation they were then allowed to substitute for the order to show cause a motion to quash that substituted service, and to hear the same forthwith.

In support of that motion the attorney filed the affidavit of Robert Kilpatrick admitting that the automobile involved in the collision was owned by Shirriff's Ltd; that he was the employee of Shirriff's Ltd. and the driver of the automobile involved in the accident, but claiming that he was returning from a vacation trip and was not at that time "acting in the scope of his employment or as agent for the defendant, Shirriff's Ltd."

In reply the attorney for plaintiff referred to the amended complaint which alleged on information and belief that Shirriff's Ltd. is a foreign corporation and was the owner of the automobile involved in the collision; "that defendant, Robert Kilpatrick was, at said time and place driving said automobile with the knowledge and consent of the defendant, Shirriff's Ltd., and was so operating the same as the agent and employee of said defendant, Shirriff's Ltd. within the course and scope of his employment." No further evidence was presented upon the motion to quash. In due time the court made an order granting the motion.

It is admitted that the service on Shirriff's Ltd. was made in exact compliance with Section 28–0611, 1953 Supp. NDRC 1943. The only question is whether service upon the Highway Commissioner under the facts as they appeared upon the motion was sufficient under the statute to give the court jurisdiction over Shirriff's Ltd.

Section 28–0611, 1953 Supp. NDRC 1943, reads as follows:

"The use and operation by a resident of this state or his agent, or by a non-resident or his agent, of a motor vehicle upon or over the highways of this state shall be deemed an appointment by such resident when he has been absent from this state continuously for six months or more following an accident or by such non-resident at any time, of the highway commissioner of this state to be his true and lawful attorney upon whom may be served all legal process in any action or proceeding against him growing out of the use or operation of the motor vehicle resulting in damages or loss to person or property, whether the damage or loss occurs upon a public highway or upon public or private property, and such use or operation shall constitute an agreement that any such process in any action against him which is so served shall have the same legal force and effect as if served upon him personally. Service of the summons in such case may be made by delivering a copy thereof to the highway commissioner together with a fee of two dollars."

With the development of automobiles and highways the proper use of them became an important matter. Negligent operation of cars became a great source of danger. Some measures protective of local residents seemed necessary. All of the states and the District of Columbia have enacted nonresident motorist statutes along the lines of the one in question. The wording, however is different in many of them and the interpretations

of the courts have varied. The purpose of those laws is to give the resident of the state the same protection against nonresident drivers of automobiles on the highways as against the resident drivers. It is to give local residents access to local courts in actions against nonresident tort feasors. It saves them the necessity and expense of bringing suit in another state which they, perhaps, could not or would not do because of many practical, financial and geographical obstacles. Pawloski v. Hess, 250 Mass. 22, 144 N.E. 760, 761, 35 A. L.R. 945. The nonresident assumes that liability for the privilege of using the roads improved at the expense of local residents.

"A primary purpose of statutory construction, is to ascertain the intention of the legislature. In determining this intent courts consider the language used, the evil to be remedied and the object to be attained." Jones v. Pebler, 371 Ill. 309, 20 N.E.2d 592, 594, 125 A.L.R. 451. See also 5 Am.Jur. Automobiles, Section 591, p. 830.

Such construction is favored which tends most fully to promote the object of the statute. In this case that is service on the nonresident owner of the car.

■ The purpose of Section 28-0611, 1953 Supp. NDRC 1943, is to give the local courts jurisdiction of such nonresident. It is a remedial statute providing the procedure for acquiring jurisdiction and does not involve the question of the liability of such nonresident.

An analysis of Section 28-0611, 1953 Supp. NDRC 1943, shows that the service upon any nonresident in any action for damages growing out of the use and operation of a motor vehicle on the highways or public or private property within the State of North Dakota by him or his agent may be made by service upon the State Highway Commissioner.

■ The first question raised is whether the statute authorizes service upon a corporation. Considering the purpose of the statute there is no doubt but that the intent of the legislature was to have the word "nonresident" include every nonresident whether a corporation or an individual. Otherwise the purpose of the statute would be very much restricted. Jones v. Pebler, supra.

■ The next question is whether the motor vehicle in this case was being operated by the agent of the nonresident owner, Shirriff's Ltd. so as to make it subject to service under Sec. 28-0611, 1953 Supp. NDRC 1943.

"Upon consideration of a motion to quash service of summons in such an instance the question is whether the allegations of the complaint and the facts of the case as disclosed show that the defendant brought before the Court is such a defendant as is subjected by the statute to substituted service of process. If so, questions of actual liability are required to be determined by other and further proceedings." Tanksley v. Dodge, 5 Cir., 181 F.2d 925, 928.

We must, therefore, determine what is meant by the phrase "or his agent" as that phrase is used in Section 28-0611, 1953 Supp. NDRC 1943. "A particular statutory provision * * * should be given a practical construction, or such a construction as would render the statute or provision practicable, or as practicable as possible." 50 Am.Jur., Statutes, Section 318, p. 308. Such construction must be given to this phrase as would carry out the purpose of that section and protect the local residents as contemplated thereby.

It will be noticed that there are no descriptive phrases defining the word "agent" and no requirement in the statute as to what that agent was doing. We have to interpret the statute as it reads and have no right to add to the statute any phrases not necessarily implied.

In Mann v. Humphrey's Adm'x, 257 Ky. 647, 79 S.W.2d 17, 96 A.L.R. 584, it is held:

"Strict compliance with statute providing for substituted service must be observed, but provisions should not be read into such statutes which are not expressly stated or necessarily implied." See also Erickson v. Macy, 231 N.Y. 86, 131 N.E. 744, 16 A.L.R. 1322, 5 Am.Jur., Automobiles, Section 591, 830.

In the case at bar Shirriff's Ltd. and Kilpatrick were both nonresidents at the time of the collision. Kilpatrick admits that he was an employee of Shirriff's Ltd. as a salesman and that the car he was driving belonged to Shirriff's Ltd. That is sufficient to constitute Kilpatrick as an agent of Shirriff's Ltd. for the purposes of the statute. On motion to quash defendant cannot challenge the service on the ground that an admitted agent was not acting in the course of his employment at the time of the collision. That is a matter of the defense and can be brought up at the trial of the action.

In Alabama the statute, authorizing constructive service on a nonresident in automobile collisions, provides that service may be had upon a nonresident by service on the Secretary of State in any action for damages caused by the operation of a motor vehicle on a public highway by such "nonresident, or his, their or its agent." Code 1940, Tit. 7, § 199. In Dealers Transport Co. v. Reeses, 5 Cir., 138 F.2d 638, 640, constructive service was made upon the transport company, a foreign corporation, in an action for damages caused by a collision in which was involved a truck driven by one of their employees, James Olan Clark, on the highways of Alabama. A motion to quash the service was made on the grounds that the corporation had not engaged in the State of Alabama and was not operating the truck either personally or by agent at the time of the collision. Clark was held to be the agent of Dealers Transport Co. and the motion was denied. On appeal the Circuit Court sustained the lower court and construed the statute involved as follows:

"The statute under consideration authorizes the service upon the nonresident, if the car was being driven by his agent, without requiring that the agent be in and about the business of the nonresident owner. The question of liability vel non is not required to be determined in advance in order to obtain process, but will be determined as all other questions of liability are determined in subsequent proceedings after the parties are before the court.

"It is the duty of the court to reconcile asserted ambiguities, if possible, and to give effect to all parts of a statute so as to effectuate the intent and purpose of the legislature. * * *" Then the court construes the law "to authorize service on a nonresident owner even when the car is being driven by his agent without the necessity of plaintiff being required to allege, or prove, for the purpose of service, that the agent was about the business of such owner."

■ The only question before the court on the motion to quash was whether or not Kilpatrick was the agent of Shirriff's Ltd. within Section 28–0611, 1953 Supp. NDRC 1943. That is all that is required by the law. The evidence shows that he was such agent. That gave jurisdiction over Shirriff's Ltd. upon service on the State Highway Commissioner and the motion to quash should have been denied. The matter of whether he was operating in the service of Shirriff's Ltd., at the time of the collision comes in issue at the trial of the action where both parties will have the opportunity to offer evidence thereon.

The order of the District Court is reversed, and the case is remanded for further proceedings according to law.

BURKE, JOHNSON and SATHRE, JJ., concur.

MORRIS, Judge (concurring specially).

I concur in the majority opinion with respect to the motion to dismiss the appeal and in the result as to the motion to quash the service. The affidavit of the defendant Kilpatrick establishes that he was an employee of the codefendant Shirriff's Limited and that the automobile he was driving at the time of the accident was owned by his codefendant. From these facts an inference may be drawn that he was acting as agent for his codefendant at the time of the accident. 61 C.J.S., Motor Vehicles, § 526, page 507. See also Carlson v. Hoff, 59 N.D. 393, 230 N.W. 294; Clark v. Feldman, 57 N.D. 741, 224 N.W. 167; Hedine v. Meyer, 57 N.D. 908, 224 N.W. 906.

Where it appears that an accident occurred while an automobile was being driven by a person who was in the employment of the owner, a rebuttable presumption arises that at the time of the accident the driver was acting within the scope of his employment. Langston v. Harper, 216 Ark. 778, 227 S.W.2d 973; Nash v. Wright, 82 Cal.App.2d 467, 186 P.2d 686; Hix-Green Co. v. Dowis, 79 Ga.App. 412, 53 S.E.2d 601; Higgans v. Deskins, Ky., 263 S.W.2d 108; Wagner v. Emmett, Ky., 280 S.W.2d 210; Culver v. Toye Bros. Yellow Cab Co., La.App., 26 So.2d 296; Witthauer v. Employers Mutual Casualty Co., 149 Neb. 728, 32 N.W.2d 413; Pollard v. Grimes, 202 Okl. 118, 210 P.2d 778; Dela-

ney v. Turner, 34 Tenn.App. 380, 237 S.W.2d 965; Poe Motor Co. v. Martin, Tex.Civ.App., 201 S.W.2d 102; Hudiburgh v. Palvic, Tex.Civ.App., 274 S.W.2d 94; McNeill v. Spindler, 191 Va. 685, 62 S.E.2d 13.

The affidavit also contains statements to the effect that at the time of the accident Kilpatrick was on a vacation trip, was not acting within the scope of his employment, and that to the best of his knowledge his codefendant is not engaged in business in the State of North Dakota. Thus it states facts supporting an inference of agency and also facts which tend to rebut that inference. The affidavit constitutes the entire showing made in support of the motion to quash the service on Shirriff's Limited. It discloses that there is a disputed question of agency to be determined. It cannot be said to establish that no agency existed and that the court therefore had no jurisdiction. The showing is insufficient to support a motion to quash the service as to Shirriff's Limited for lack of valid service of process which the record on its face shows to have been made pursuant to Section 28–0611 NDRC 1953 Supp. Under the facts here presented it is proper that the question of agency be determined at a trial on the merits rather than on a challenge to the jurisdiction of the court raised on a preliminary motion. I concur in the reversal of the order of the trial court.